1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SENIOR HOUSING ASSISTANCE GROUP,
a Washington non-profit corporation,

                          Plaintiff,

            v.

AMTAX HOLDINGS 260, LLC, an Ohio
limited liability corporation; PROTECH
HOLDINGS W, LLC, an Ohio limited liability
corporation; AMTAX HOLDINGS 259, LLC,
an Ohio limited liability corporation; AMTAX
HOLDINGS 261, LLC, an Ohio limited
liability corporation; AMTAX HOLDINGS
258, LLC, an Ohio limited liability
corporation; AMTAX HOLDINGS 257, LLC,
an Ohio limited liability corporation; AMTAX
HOLDINGS 164, LLC, an Ohio limited
liability corporation; PROTECH 2002-A,
LLC, an Ohio limited liability corporation;
AMTAX HOLDINGS 109, LLC, an Ohio
limited liability corporation; and PROTECH
2001-B, LLC, an Ohio limited liability
corporation;

                          Defendants.

No.

**COMPLAINT FOR
DECLARATORY JUDGMENT**

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

# I. INTRODUCTION AND NATURE OF THE CASE

1.     This declaratory judgment action relates to the interpretation of limited partnership agreements of partnerships formed to develop and manage affordable senior housing. Plaintiff Senior Housing Assistance Group ("SHAG") is a tax-exempt 501(c)(3) non-profit corporation whose mission is to provide affordable housing exclusively for low- and moderate-income elderly and disabled individuals and households. SHAG accomplishes its mission by sponsoring or co-sponsoring the development of affordable rental apartment communities for low- and moderate-income seniors in the Puget Sound region and by operating said affordable rental apartment communities. SHAG has participated in a number of affordable housing project partnerships ("Project Partnerships") that have developed affordable rental apartment communities (the "Projects") in the Puget Sound region, sometimes in conjunction with its wholly-owned subsidiary, Plaintiff Senior Housing Assistance Corporation ("SHAC"), and with others.

2.     Each Project at issue in this case is a "qualified low-income housing project" eligible for an allocation of an annual federal income tax credit under the Low Income Housing Tax Credit ("LIHTC") provisions of the Internal Revenue Code (the "Code"), 26 U.S.C. § 42 (2012) ("Section 42"). Under the LIHTC program, tax credits are "sold" to equity investors in exchange for equity capital contributions to the Project Partnerships. LIHTC projects generate tax credits for equity investors over a 10-year period, and the Projects are subject to a 15-year compliance period during which they must be maintained as affordable housing in order for the equity investors to avoid recapture of all or a portion of their tax credits. Because the Project Partnerships at issue in this case were for the purpose of

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

developing affordable housing under the LIHTC program, the relevant limited partnership agreement provisions at issue in this matter must be interpreted in the context of Section 42.

3.      Defendants are the successors to the original Investor Limited Partners who provided equity capital contributions in exchange for tax credits and certain other tax benefits, and acquired at least 98.99 percent interests in each of the Project Partnerships, and the Special Limited Partners who are affiliates of the Investor Limited Partners and who acquired 0.01% interests in each of the Project Partnerships. The amount of the Investor Limited Partner equity contributions was directly tied to the amount of tax credits that the Investor Limited Partners anticipated receiving. The tax credits and other tax benefits generated by the Projects provided the principal return on investment expected by the Investor Limited Partners.

4.      The limited partnership agreements for each of the Project Partnerships include a special right of first refusal that grants to SHAG as a non-profit corporation and operator of the Project the right to purchase the Project at a statutory minimum purchase price determined under Section 42 (the "Special ROFR"). The Special ROFR for each Project is exercisable during the 24-month period following the close of the 15-year compliance period, after the Investor Limited Partners have reaped the full benefit of the tax credits for each Project without any further risk of recapture.

5.      The intent of special rights of first refusal provided under Section 42, such as the Special ROFRs in this case, is to provide an incentive and mechanism to maintain each Project as affordable housing in the hands of the original qualified non-profit sponsor or co-sponsor. Studies by the United States Department of Housing and Urban Development show that the great majority of qualified LIHTC projects result in a transfer of investors' interests to

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

qualified sponsors like SHAG through the exercise of rights of first refusal after the expiration of the statutory 15-year compliance period. Although the investor limited partners often receive minimal cash payments or distributions in connection with such transfers, they are relieved of any outstanding debt (which the purchaser assumes), and—most importantly— they have received the full benefit of the tax credits that were the real benefit of their bargain, without any further risk of recapture. The statutory minimum purchase price determined under Section 42 is designed to make the purchase affordable to the qualified non-profit sponsor.

6.     SHAG has given notice of the exercise of its Special ROFRs in connection with four Projects (Meridian Court Apartments (located in Federal Way, Washington), Auburn Court Apartments (located in Auburn, Washington), Boardwalk Apartments (located in Olympia, Washington), and WoodRose Apartments (located in Bellingham, Washington)). After each of the first two notices were delivered to Defendants, they objected to the exercise of the Special ROFRs, taking the position that the Special ROFRs (a) require the Investor Limited Partner's prior written consent to sell a Project; and (b) can only be triggered if and when the Project Partnership receives a bona fide third-party offer to purchase the Project, and intends to accept the offer, requiring the consent of the Investor Limited Partner.

7.     Defendants' objections to the exercise of the Special ROFRs are without merit. There is nothing in the language of the Special ROFRs or in the context of the Project Partnerships (including the policies embodied in Section 42) that requires prior written consent of the Investor Limited Partners to sell a Project, a bona fide third-party offer, and consent of the Investor Limited Partners, in order for SHAG to purchase a Project pursuant to a Special ROFR.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

8.      The Special ROFR rights in the limited partnership agreements for the Projects are subject only to three conditions: (a) the Section 42 compliance period for the Project has closed; (b) SHAG continues to be the lessee and operator of the Project; and (c) SHAG continues to be a qualified non-profit under Section 42(h)(5)(C) of the Code. If these three conditions are met, SHAG has the right to exercise the Special ROFRs for a period of 24 months following the close of the compliance period. Approval or consent of the Investor Limited Partners is not a condition of exercise of a Special ROFR. The Special ROFR purchase price is not dependent on any third-party offer or other offer; rather, it is specified in the partnership agreements as the minimum purchase price under Section 42(i)(7)(B) of the Code. No prior offer is required as a condition to trigger the right to exercise a Special ROFR.

9.      Since the exercise of such a Special ROFR is intentionally expected to result in a significantly below market purchase price, Defendants' interpretation of the Special ROFRs would prevent SHAG from ever exercising any of its Special ROFRs with respect to any Project, thereby depriving SHAG of a major benefit of its bargain (its right to acquire the Projects at the statutory minimum purchase price after the expiration of the applicable 15-year compliance period and to preserve them as low- and moderate-income senior housing), and would undermine the policy behind Section 42 (to provide an incentive and mechanism to maintain each Project as affordable housing in the hands of the original qualified non-profit sponsor or co-sponsor).

10.      The parties have met and exchanged correspondence in an attempt to resolve these issues, but have been unable to reach agreement. Pending resolution of these issues, neither SHAG as purchaser nor the General Partners of the Project Partnerships have taken

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

further steps to close on the purchase and sale of the Projects pursuant to the exercise of the Special ROFRs by SHAG.

11.     SHAG seeks a declaration that: (1) SHAG has the right to exercise the Special ROFRs without the prior written consent to sell a Project by the Investor Limited Partners; and (2) SHAG's exercise of a Special ROFR does not require receipt of a bona fide third-party offer to purchase the Project, or an intention to accept the offer on the part of the Project Partnership, requiring consent of the Investor Limited Partners.

## II.     THE PARTIES

12.     Plaintiff Senior Housing Assistance Group is a non-profit corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.

13.     Defendant AMTAX Holdings 260, LLC ("AH 260"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

14.     Defendant Protech Holdings W, LLC ("Protech Holdings W") is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

15.     Defendant AMTAX Holdings 259, LLC ("AH 259"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

16.     Defendant AMTAX Holdings 261, LLC ("AH 261"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

17. Defendant AMTAX Holdings 258, LLC ("AH 258"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

18. Defendant AMTAX Holdings 257, LLC ("AH 257"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

19. Defendant AMTAX Holdings 164, LLC ("AH 164"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

20. Defendant Protech 2002-A, LLC ("Protech 2002-A") is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

21. Defendant AMTAX Holdings 109, LLC ("AH 109"), is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

22. Defendant Protech 2001-B, LLC ("Protech 2001-B") is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Granville, Ohio.

### III. JURISDICTION AND VENUE

23. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (2012) because the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees, and costs, and is between citizens of different States.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

24.     This action seeks declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 (2012), which grants this Court authority to declare the rights and other legal relations surrounding questions of actual controversy that exist between the Plaintiffs and Defendants.

25.     Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. § 1391 (2012) because the Projects at issue in this cases are properties located in this District, and because the parties have agreed to venue and personal jurisdiction in this District.

## IV.     FACTS

### The Meridian Court Project

26.     The Meridian Court Apartments Project ("Meridian Court") is a 200-unit affordable retirement community located in Federal Way, Washington, serving exclusively low- and moderate-income elderly and disabled persons with household incomes at or below 60% of the area median gross income.

27.     The owner of Meridian Court is Meridian Court Apartments Limited Partnership, a Washington limited partnership.

28.     Steel Lake Enterprises, LLC is the General Partner of the Meridian Court Apartments Limited Partnership.

29.     AH 260 is the Investor Limited Partner of the Meridian Court Apartments Limited Partnership.

30.     Protech Holdings W is the Special Limited Partner of the Meridian Court Apartments Limited Partnership.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

31.     As a "Qualified Low-Income Housing Project," Meridian Court was eligible for an allocation of tax credits under Section 42 of the Code. Section 42 allows a non-profit entity interested in developing and/or owning or operating an affordable housing project to enter into a joint venture or partnership with a for-profit equity investor who will provide equity capital contributions to help finance the cost of the development and construction of the Project. In return for such equity capital contributions, the equity investor partner receives substantially all of the tax credits, depreciation deductions, and other tax benefits generated by the ownership and operation of the Project pursuant to Section 42.

32.     Section 42 envisions that qualified non-profits, such as SHAG, may be granted a Special ROFR.

33.     The Meridian Court Apartments Agreement of Limited Partnership includes a Special ROFR as envisioned under Section 42. That Special ROFR provides as follows:

> Notwithstanding Paragraphs 7.4J and 7.4K above, for a period of twenty-four (24) months following the close of the Compliance Period as determined by the Code, if (i) the Senior Housing Assistance Group (the "Purchaser") is then the Lessee and operator of the Apartment Complex pursuant to the Operating Use Lease, and (ii) the Purchaser is then a qualified nonprofit organization as defined under Section 42(h)(5)(C) of the Code, then the Purchaser shall have a "Right of First Refusal" (the "Special ROFR") to purchase the Project at a purchase price (the "Purchase Price") equal to the sum of (1) the minimum purchase price as determined under Section 42(i)(7)(B) of the Code (the "Statutory Minimum Purchase Price") and (2) the amount of each of the items set forth in Section 6.2B(ii), Paragraphs First through Seventh thereof, to the extent that the amounts of such items are not already reflected in the Statutory Minimum Purchase Price in order to avoid any duplication.

Meridian Court Apartments, Second Amended and Restated Agreement of Limited Partnership, Paragraph 7.4L.

34.     The Section 42(i)(7)(B) statutory minimum purchase price is the sum of "the principal amount of outstanding indebtedness secured by the building (other than the

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

indebtedness incurred within the 5-year period ending on the date of the sale)" and "all Federal, State and Local taxes attributable to such sale." 26 U.S.C. § 42(i)(7)(B) (2012).

35.    The Meridian Court Apartments Agreement of Limited Partnership also includes an option for the General Partner to purchase the project for a period of twenty-four months following the close of the compliance period upon written notice to the Investor Limited Partner (the "GP Option"). The purchase price under this option is the greater of: 1) the fair market value of the interest, or 2) an amount sufficient to pay outstanding indebtedness and taxes upon the sale. Paragraph 7.4J of the Meridian Court Apartments Second Amended and Restated Agreement of Limited Partnership describes this option in detail.

36.    The 15-year compliance period for Meridian Court expired on December 31, 2012.

37.    On December 30, 2014, SHAG gave written notice of the exercise of its Special ROFR to the Partnership and the Investor and Special Limited Partners.

38.    As of December 30, 2014, SHAG was (and still remains) the Lessee and Operator of Meridian Court Apartments. Furthermore, on that date SHAG was (and still remains) a qualified non-profit organization as defined under Section 42(h)(5)(C) of the Code. Accordingly, all conditions for the exercise of the Special ROFR by SHAG as set forth in Section 7.4L of the Partnership Agreement have been satisfied.

39.    While not necessary for the exercise by SHAG of its Special ROFR, the Partnership had received a bona fide third party offer to purchase the Meridian Court Apartments. The Investor and Special Limited Partners were notified of this offer by letter dated December 29, 2014.

*Certificate of Service -*

40.    Additionally, and separately, the Investor and Special Limited Partners were notified by letter dated December 29, 2014 that the General Partner in Meridian Court had exercised its GP Option to purchase the Project pursuant to Section 7.4J of the Partnership Agreement, subject to the exercise of the Special ROFR by SHAG. Given the exercise of the Special ROFR by SHAG, the exercise of the GP Option to purchase the Project is inoperable.

41.    As stated above in Paragraph 6, after the General Partner gave notice of SHAG's exercise of its Special ROFR in connection with Meridian Court, the Investor and Special Limited Partners objected. The Investor and Special Limited Partners' objections are without merit. There is a genuine dispute among the parties regarding the interpretation of the relevant language of the Partnership Agreement and the rights and obligations of the parties.

## The Auburn Court Project

42.    The Auburn Court Apartments Project ("Auburn Court") is a 296-unit affordable retirement community located in the City of Auburn, Washington, serving exclusively low- and moderate-income elderly and disabled persons with household incomes at or below 60% of the King County area median gross income.

43.    The owner of Auburn Court is Auburn North Associates Limited Partnership, a Washington limited partnership.

44.    SHAG is the General Partner of the Auburn North Associates Limited Partnership.

45.    AH 259 is the Investor Limited Partner of the Auburn North Associates Limited Partnership.

46.    Protech Holdings W is the Special Limited Partner of the Auburn North Associates Limited Partnership.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

47.    As a "Qualified Low-Income Housing Project," Auburn Court was eligible for an allocation of tax credits under Section 42 of the Code. Section 42 allows a non-profit entity interested in developing and/or owning or operating an affordable housing project to enter into a joint venture or partnership with a for-profit equity investor who will provide equity capital contributions to help finance the cost of the development and construction of the Project. In return for such equity capital contributions, the equity investor partner receives substantially all of the tax credits, depreciation deductions, and other tax benefits generated by the ownership and operation of the Project pursuant to Section 42.

48.    Section 42 envisions that qualified non-profits, such as SHAG, may be granted a Special ROFR.

49.    The Auburn North Associates Agreement of Limited Partnership includes a Special ROFR as envisioned under Section 42. That Special ROFR provides as follows:

> Notwithstanding Paragraphs 7.4J and 7.4K above, for a period of twenty-four (24) months following the close of the Compliance Period as determined by the Code, if (i) the Senior Housing Assistance Group (the "Purchaser") is then the Lessee and operator of the Apartment Complex pursuant to the Operating Use Lease, and (ii) the Purchaser is then a qualified nonprofit organization as defined under Section 42(h)(5)(C) of the Code, then the Purchaser shall have a "Right of First Refusal" (the "Special ROFR") to purchase the Project at a purchase price (the "Purchase Price") equal to the sum of (1) the minimum purchase price as determined under Section 42(i)(7)(B) of the Code (the "Statutory Minimum Purchase Price") and (2) the amount of each of the items set forth in Section 6.2B(ii), Paragraphs First through Seventh thereof, to the extent that the amounts of such items are not already reflected in the Statutory Minimum Purchase Price in order to avoid any duplication.

Auburn North Associates Limited Partnership, Third Amended and Restated Agreement of Limited Partnership, Paragraph 7.4L.

50.    The Section 42(i)(7)(B) Statutory Minimum Purchase Price is the sum of "the principal amount of outstanding indebtedness secured by the building (other than the

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

indebtedness incurred within the 5-year period ending on the date of the sale )" and "all Federal, State and Local taxes attributable to such sale." 26 U.S.C. § 42(i)(7)(B) (2012).

51.     The 15-year compliance period for the Auburn Court Project expired on December 31, 2013.

52.     On about December 30, 2015, SHAG gave written notice of the exercise of its Special ROFR to the Partnership and the Investor and Special Limited Partners. SHAG (in its capacity as the General Partner of the Partnership) had determined that it was in the best interests of the Partnership to sell the apartment complex, prior to giving notice of the exercise of its Special ROFR.

53.     As of December 30, 2015, SHAG was (and still remains) the Lessee and Operator of the Auburn Court Apartment Complex. Furthermore, on that date SHAG was (and still remains) a qualified non-profit organization as defined under Section 42(h)(5)(C) of the Code. Accordingly, all conditions for the exercise of the Special ROFR by SHAG as set forth in Section 7.4L of the Partnership Agreement have been satisfied.

54.     While not necessary for the exercise by SHAG of its Special ROFR, the Partnership had received two bona fide third party offers to purchase the Auburn Court Apartment Complex. The Investor and Special Limited Partners were notified of these offers by letters dated December 29, 2015 and December 30, 2015, respectively.

55.     As stated above in Paragraph 6, after SHAG gave notice of the exercise of its Special ROFR in connection with Auburn Court, the Investor and Special Limited Partners objected. The Investor and Special Limited Partners' objections are without merit. There is a genuine dispute among the parties regarding the interpretation of the relevant language of the Partnership Agreement and the rights and obligations of the parties.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

**The Boardwalk Project**

56.     The Boardwalk Apartments Project ("Boardwalk") is a 284-unit affordable retirement community located in the City of Olympia, Washington, serving exclusively low- and moderate-income elderly and disabled persons with household incomes at or below 60% of the Thurston County area median gross income.

57.     The owner of Boardwalk is Capitol Way Associates Limited Partnership, a Washington limited partnership.

58.     SHAC is the General Partner of the Capitol Way Associates Limited Partnership.

59.     AH 261 is the Investor Limited Partner of the Capitol Way Associates Limited Partnership.

60.     Protech Holdings W is the Special Limited Partner of the Capitol Way Associates Limited Partnership.

61.     As a "Qualified Low-Income Housing Project," Boardwalk was eligible for an allocation of tax credits under Section 42 of the Code. Section 42 allows a non-profit entity interested in developing and/or owning or operating an affordable housing project to enter into a joint venture or partnership with a for-profit equity investor who will provide equity capital contributions to help finance the cost of the development and construction of the Project. In return for such equity capital contributions, the equity investor partner receives substantially all of the tax credits, depreciation deductions, and other tax benefits generated by the ownership and operation of the Project pursuant to Section 42.

62.     Section 42 envisions that qualified non-profits, such as SHAG, may be granted a Special ROFR.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

63.     The Capitol Way Associates Agreement of Limited Partnership includes a

Special ROFR as envisioned under Section 42. That Special ROFR provides as follows:

> Notwithstanding Paragraphs 7.4J and 7.4K above, for a period of twenty-four
> (24) months following the close of the Compliance Period as determined by
> the Code, if (i) the Senior Housing Assistance Group (the "Purchaser") is then
> the Lessee and operator of the Apartment Complex pursuant to the Operating
> Use Lease, and (ii) the Purchaser is then a qualified nonprofit organization as
> defined under Section 42(h)(5)(C) of the Code, then the Purchaser shall have a
> "Right of First Refusal" (the "Special ROFR") to purchase the Project at a
> purchase price (the "Purchase Price") equal to the sum of (1) the minimum
> purchase price as determined under Section 42(i)(7)(B) of the Code (the
> "Statutory Minimum Purchase Price") and (2) the amount of each of the items
> set forth in Section 6.2(B)(ii), Paragraphs First through Seventh thereof, to the
> extent that the amounts of such items are not already reflected in the Statutory
> Minimum Purchase Price in order to avoid any duplication.

Capitol Way Associates Limited Partnership, Third Amended and Restated Agreement of

Limited Partnership, Paragraph 7.4L.

64.     The Section 42(i)(7)(B) statutory minimum purchase price is the sum of "the

principal amount of outstanding indebtedness secured by the building (other than the

indebtedness incurred within the 5-year period ending on the date of the sale)" and "all

Federal, State and Local taxes attributable to such sale." 26 U.S.C. § 42(i)(7)(B) (2012).

65.     The 15-year compliance period for Boardwalk expired on December 31, 2014.

66.     On about November 18, 2016, SHAG gave written notice of the exercise of its

Special ROFR to the Partnership, the General Partner, and the Limited Partners.

67.     As of November 18, 2016, SHAG was (and still remains) the Lessee and

Operator of the Boardwalk Apartment Complex. Furthermore, on that date SHAG was (and

still remains) a qualified non-profit organization as defined under Section 42(h)(5)(C) of the

Code. Accordingly, all conditions for the exercise of the Special ROFR by SHAG as set forth

in Section 7.4L of the Partnership Agreement have been satisfied.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

68.     While not necessary for the exercise by SHAG of its Special ROFR, the Capitol Way Associates Limited Partnership had received a bona fide third party offer to purchase the Boardwalk Apartment Complex. The Investor and Special Limited Partners were notified of this offer by letter dated November 17, 2016.

69.     As stated above in Paragraph 6, after SHAG gave notice of the exercise of its Special ROFR in connection with Boardwalk, the Investor and Special Limited Partners objected. The Investor and Special Limited Partners' objections are without merit. There is a genuine dispute among the parties regarding the interpretation of the relevant language of the Partnership Agreement and the rights and obligations of the parties.

### The WoodRose Project

70.     The WoodRose Apartments Project ("WoodRose") is a 197-unit affordable retirement community located in the City of Bellingham, Washington, serving exclusively low-income elderly persons with household incomes at or below 60% of the Whatcom County area median gross income.

71.     The owner of WoodRose is Racine Street Associates Limited Partnership, a Washington limited partnership.

72.     SHAC is the General Partner of the Racine Street Associates Limited Partnership.

73.     AH 258 is the Investor Limited Partner of the Racine Street Associates Limited Partnership.

74.     Protech Holdings W is the Special Limited Partner of the Racine Street Associates Limited Partnership.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

75.     As a "Qualified Low-Income Housing Project," WoodRose was eligible for an allocation of tax credits under Section 42 of the Code. Section 42 allows a non-profit entity interested in developing and/or owning or operating an affordable housing project to enter into a joint venture or partnership with a for-profit equity investor who will provide equity capital contributions to help finance the cost of the development and construction of the Project. In return for such equity capital contributions, the equity investor partner receives substantially all of the tax credits, depreciation deductions, and other tax benefits generated by the ownership and operation of the Project pursuant to Section 42.

76.     Section 42 envisions that qualified non-profits, such as SHAG, may be granted a Special ROFR.

77.     The Racine Street Associates Agreement of Limited Partnership includes a Special ROFR as envisioned under Section 42. That Special ROFR provides as follows:

> Notwithstanding Paragraphs 7.4J and 7.4K above, for a period of twenty-four (24) months following the close of the Compliance Period as determined by the Code, if (i) the Senior Housing Assistance Group (the "Purchaser") is then the Lessee and operator of the Apartment Complex pursuant to the Operating Use Lease, (ii) the Senior Housing Assistance Corporation is then a qualified corporation with respect to the Purchaser (as defined under Section 42(h)(5)(D)(ii) of the Code) and is a General Partner, and (iii) the Purchaser is then a qualified nonprofit organization as defined under Section 42(h)(5)(C) of the Code, then the Purchaser shall have a "Right of First Refusal" (the "Special ROFR") to purchase the Project at a purchase price (the "Purchase Price") equal to the sum of (1) the minimum purchase price as determined under Section 42(i)(7)(B) of the Code (the "Statutory Minimum Purchase Price") and (2) the amount of each of the items set forth in Section 6.2B(ii), Paragraphs First through Seventh thereof, to the extent that the amounts of such items are not already reflected in the Statutory Minimum Purchase Price in order to avoid any duplication.

Racine Street Associates Limited Partnership, Second Amended and Restated Agreement of Limited Partnership, Paragraph 7.4L.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

78.     The Section 42(i)(7)(B) statutory minimum purchase price is the sum of "the principal amount of outstanding indebtedness secured by the building (other than the indebtedness incurred within the 5-year period ending on the date of the sale)" and "all Federal, State and Local taxes attributable to such sale." 26 U.S.C. § 42(i)(7)(B) (2012).

79.     The 15-year compliance period for WoodRose expired on December 31, 2015.

80.     On about November 18, 2016, SHAG gave written notice of the exercise of its Special ROFR to the Partnership, the General Partner, and the Limited Partners.

81.     As of November 18, 2016, SHAG was (and still remains) the Lessee and Operator of the WoodRose Apartment Complex. Furthermore, on that date SHAG was (and still remains) a qualified non-profit organization as defined under Section 42(h)(5)(C) of the Code. Accordingly, all conditions for the exercise of the Special ROFR by SHAG as set forth in Section 7.4L of the Partnership Agreement have been satisfied.

82.     While not necessary for the exercise by SHAG of its Special ROFR, the Partnership had received a bona fide third party offer to purchase the WoodRose Apartment Complex. The Investor and Special Limited Partners were notified of this offer by letter dated November 17, 2016.

83.     As stated above in Paragraph 6, after SHAG gave notice of the exercise of its Special ROFR in connection with WoodRose, the Investor and Special Limited Partners objected. The Investor and Special Limited Partners' objections are without merit. There is a genuine dispute among the parties regarding the interpretation of the relevant language of the Partnership Agreement and the rights and obligations of the parties.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

# The Lakewood Project

84. The Lakewood Meadows Apartments Project ("Lakewood Meadows") is a 168-unit affordable retirement community located in the City of Lakewood, Washington, serving exclusively low-income elderly persons with household incomes at or below 60% of the Pierce County area median gross income.

85. The owner of Lakewood Meadows is Lakewood Meadows Associates Limited Partnership, a Washington limited partnership.

86. SHAC is the manager of Lakewood Meadows Enterprises, LLC, which is the General Partner of the Lakewood Meadows Associates Limited Partnership.

87. AH 257 is the Investor Limited Partner of the Lakewood Meadows Associates Limited Partnership.

88. Protech Holdings W is the Special Limited Partner of the Lakewood Meadows Associates Limited Partnership.

89. As a "Qualified Low-Income Housing Project," Lakewood Meadows was eligible for an allocation of tax credits under Section 42 of the Code. Section 42 allows a non-profit entity interested in developing and/or owning or operating an affordable housing project to enter into a joint venture or partnership with a for-profit equity investor who will provide equity capital contributions to help finance the cost of the development and construction of the Project. In return for such equity capital contributions, the equity investor partner receives substantially all of the tax credits, depreciation deductions, and other tax benefits generated by the ownership and operation of the Project pursuant to Section 42.

90. Section 42 envisions that qualified non-profits, such as SHAG, may be granted a Special ROFR.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

91.     The Lakewood Meadows Associates Agreement of Limited Partnership

includes a Special ROFR as envisioned under Section 42. That Special ROFR provides as

follows:

> Notwithstanding Paragraphs 7.4J and 7.4K above, for a period of twenty-four
> (24) months following the close of the Compliance Period as determined by
> the Code, if (i) the Senior Housing Assistance Group (the "Purchaser") is then
> the Lessee and operator of the Apartment Complex pursuant to the Operating
> Use Lease, (ii) the Senior Housing Assistance Corporation is then a qualified
> corporation with respect to the Purchaser (as defined under Section
> 42(h)(5)(D)(ii) of the Code) and is a member of a General Partner, and (iii) the
> Purchaser is then a qualified nonprofit organization as defined under Section
> 42(h)(5)(C) of the Code, then the Purchaser shall have a "Right of First
> Refusal" (the "Special ROFR") to purchase the Project at a purchase price (the
> "Purchase Price") equal to the sum of (1) the minimum purchase price as
> determined under Section 42(i)(7)(B) of the Code (the "Statutory Minimum
> Purchase Price") and (2) the amount of each of the items set forth in Section
> 6.2B(ii), Paragraphs First through Seventh thereof, to the extent that the
> amounts of such items are not already reflected in the Statutory Minimum
> Purchase Price in order to avoid any duplication.

Lakewood Meadows Associates Limited Partnership, Second Amended and Restated

Agreement of Limited Partnership, Paragraph 7.4L.

92.     The Section 42(i)(7)(B) statutory minimum purchase price is the sum of "the

principal amount of outstanding indebtedness secured by the building (other than the

indebtedness incurred within the 5-year period ending on the date of the sale)" and "all

Federal, State and Local taxes attributable to such sale." 26 U.S.C. § 42(i)(7)(B) (2012).

93.     The 15-year compliance period for Lakewood Meadows expired on

December 31, 2016.

94.     Although SHAG has not yet exercised its Special ROFR for Lakewood

Meadows, SHAG intends to exercise its Special ROFR within the appropriate time period.

SHAG is and is expected to remain the Lessee and Operator of Lakewood Meadows

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

Apartments Project. The Special ROFR in the Lakewood Meadows Associates Agreement of Limited Partnership is virtually identical to that in the Racine Street Associates Agreement of Limited Partnership and substantially similar to the Special ROFR in the other partnership agreements. SHAG expects that the Investor and Special Limited Partners will make the same objections to SHAG's exercise of its Special ROFR rights as they have in connection with the other Projects. The Investor and Special Limited Partners' objections are without merit. There is a genuine dispute among the parties regarding the interpretation of the relevant language of the Partnership Agreement and the rights and obligations of the parties.

The Alderwood Court Project

95.     The Alderwood Court Apartments Project ("Alderwood Court") is a 130-unit affordable elderly housing project in Lynnwood, Washington. A percentage of the units is set aside for persons or households with low or moderate incomes.

96.     The owner of Alderwood Court is Alderwood Court Associates Limited Partnership, a Washington limited partnership.

97.     SHAC is the manager of Lynnwood Retirement Living, LLC, which is the General Partner of the Alderwood Court Associates Limited Partnership.

98.     AH 164 is the Investor Limited Partner of the Alderwood Court Associates Limited Partnership.

99.     Protech 2002-A is the Special Limited Partner of the Alderwood Court Associates Limited Partnership.

100.     As a "Qualified Low-Income Housing Project," Alderwood Court was eligible for an allocation of tax credits under Section 42 of the Code. Section 42 allows a non-profit entity interested in developing and/or owning or operating an affordable housing project to

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

enter into a joint venture or partnership with a for-profit equity investor who will provide equity capital contributions to help finance the cost of the development and construction of the Project. In return for such equity capital contributions, the equity investor partner receives substantially all of the tax credits, depreciation deductions, and other tax benefits generated by the ownership and operation of the Project pursuant to Section 42.

101. Section 42 envisions that qualified non-profits, such as SHAG, may be granted a Special ROFR.

102. The Alderwood Court Associates Agreement of Limited Partnership includes a Special ROFR as envisioned under Section 42. That Special ROFR provides as follows:

> Notwithstanding Paragraphs 7.4J and 7.4K above, for a period of twenty-four (24) months following the close of the Compliance Period as determined by the Code, if (i) the Senior Housing Assistance Group (the "Purchaser") is then the Lessee and operator of the Apartment Complex pursuant to the Operating Use lease, (ii) the Senior Housing Assistance Corporation is then a qualified corporation with respect to the Purchaser (as defined under Section 42(h)(5)(D)(ii) of the Code) and is a Member of the General Partner, and (iii) the Purchaser is then a qualified nonprofit organization as defined under Section 42(h)(5)(C) of the Code, then the Purchaser shall have a "Right of First Refusal" (the "Special ROFR") to purchase the Project at a purchase price (the "Purchase Price") equal to the sum of (1) the minimum purchase price as determined under Section 42(i)(7)(B) of the Code (the "Statutory Minimum Purchase Price") and (2) the amount of each of the items set forth in Section 6.2B(ii) First through Seventh herein, to the extent that the amounts of such items are not already reflected in the Statutory Minimum Purchase Price.

Alderwood Court Associates Limited Partnership, Amended and Restated Agreement of Limited Partnership, Paragraph 7.4L.

103. The Section 42(i)(7)(B) statutory minimum purchase price is the sum of "the principal amount of outstanding indebtedness secured by the building (other than the indebtedness incurred within the 5-year period ending on the date of the sale)" and "all Federal, State and Local taxes attributable to such sale." 26 U.S.C. § 42(i)(7)(B) (2012).

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

104.    The 15-year compliance period for the Alderwood Court Project will expire on December 31, 2017.

105.    Although the compliance period has not yet expired for Alderwood, and SHAG has not yet exercised its Special ROFR for the Project, SHAG intends to exercise its Special ROFR at the appropriate time. SHAG is and is expected to remain the Lessee and Operator of Alderwood Court Apartments Project. The Special ROFR in the Alderwood Court Associates Agreement of Limited Partnership is virtually identical to that in the Racine Street Associates Agreement of Limited Partnership and substantially similar to the Special ROFR in the other partnership agreements. SHAG expects that the Investor and Special Limited Partners will make the same objections to SHAG's exercise of its Special ROFR rights as they have in connection with the other Projects. The Investor and Special Limited Partners' objections are without merit. There is a genuine dispute among the parties regarding the interpretation of the relevant language of the Partnership Agreement and the rights and obligations of the parties.

### The Woodlands Project

106.    The Woodlands Apartments Project ("Woodlands") is a 110-unit affordable retirement community located in Kirkland, Washington, serving exclusively low-income elderly persons with household incomes at or below 60% of the King County area median gross income.

107.    The owner of Woodlands is Woodlands Apartments (2001) Limited Partnership, a Washington limited partnership.

108.    SHAC is the manager of Woodlands Associates, LLC, which is the General Partner of the Woodlands Apartments (2001) Limited Partnership.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

109.    AH 109 is the Investor Limited Partner of the Woodlands Apartments (2001) Limited Partnership.

110.    Protech 2001-B is the Special Limited Partner of the Woodlands Apartments (2001) Limited Partnership.

111.    As a "Qualified Low-Income Housing Project," Woodlands was eligible for an allocation of tax credits under Section 42 of the Code. Section 42 allows a non-profit entity interested in developing and/or owning or operating an affordable housing project to enter into a joint venture or partnership with a for-profit equity investor who will provide equity capital contributions to help finance the cost of the development and construction of the Project. In return for such equity capital contributions, the equity investor partner receives substantially all of the tax credits, depreciation deductions, and other tax benefits generated by the ownership and operation of the Project pursuant to Section 42.

112.    Section 42 envisions that qualified non-profits, such as SHAG, may be granted a Special ROFR.

113.    The Woodlands Apartments (2001) Agreement of Limited Partnership includes a Special ROFR as envisioned under Section 42. That Special ROFR provides as follows:

> Notwithstanding Paragraphs 7.4J and 7.4K above, for a period of twenty-four (24) months following the close of the Compliance Period as determined by the Code, if (i) the Senior Housing Assistance Group (the "Purchaser") is then the Lessee and operator of the Apartment Complex pursuant to the Operating Use lease, (ii) the Senior Housing Assistance Corporation is then a qualified corporation with respect to the Purchaser (as defined under Section 42(h)(5)(D)(ii) of the Code) and is a Member of the General Partner, and (iii) the Purchaser is then a qualified nonprofit organization as defined under Section 42(h)(5)(C) of the Code, then the Purchaser shall have a "Right of First Refusal" (the "Special ROFR") to purchase the Project at a purchase price (the "Purchase Price") equal to the sum of (1) the minimum purchase price as determined under Section 42(i)(7)(B) of the Code (the "Statutory Minimum Purchase Price") and (2) the amount of each of the items set forth in

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

Section 6.2B(ii) First through Seventh herein, to the extent that the amounts of such items are not already reflected in the Statutory Minimum Purchase Price.

Woodlands Apartments (2001) Limited Partnership, Amended and Restated Agreement of Limited Partnership, Paragraph 7.4L.

114.     The Section 42(i)(7)(B) statutory minimum purchase price is the sum of "the principal amount of outstanding indebtedness secured by the building (other than the indebtedness incurred within the 5-year period ending on the date of the sale)" and "all Federal, State and Local taxes attributable to such sale." 26 U.S.C. § 42(i)(7)(B) (2012).

115.     The 15-year compliance period for Woodlands will expire on December 31, 2018.

116.     Although the compliance period has not yet expired for Woodlands, and SHAG has not yet exercised its Special ROFR for the Project, SHAG intends to exercise its Special ROFR at the appropriate time. SHAG is and is expected to remain the Lessee and Operator of Woodlands Apartments Project. The Special ROFR in the Woodlands Apartments (2001) Agreement of Limited Partnership is virtually identical to that in the Racine Street Associates Agreement of Limited Partnership and substantially similar to the Special ROFR in the other partnership agreements. SHAG expects that the Investor and Special Limited Partners will make the same objections to SHAG's exercise of its Special ROFR rights as they have in connection with other Projects. The Investor and Special Limited Partners' objections are without merit. There is a genuine dispute among the parties regarding the interpretation of the relevant language of the Partnership Agreement and the rights and obligations of the parties.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

## V. CAUSE OF ACTION:

## DECLARATORY JUDGMENT

117. SHAG realleges and incorporates by reference each and every allegation set forth above.

118. There is an actual controversy between Plaintiffs and Defendants regarding the rights and obligations of the parties with respect to the Special ROFRs in the Partnership Agreements between the parties. Plaintiffs seek a declaration of those rights and obligations.

119. This Court should interpret the language of the Special ROFRs, in the context of the relevant limited partnership agreements and related documents, and in the context of Section 42, and declare as follows:

    A.    SHAG has the right to exercise the Special ROFRs without prior written consent to sell a Project by the Investor Limited Partners; and

    B.    SHAG's exercise of a Special ROFR does not require receipt of a bona fide third-party offer to purchase the project, or an "intention to accept" the offer on the part of the project partnership, requiring the consent of the Investor Limited Partner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request relief as follows:

1. For a judgment declaring as follows:

    A.    SHAG has the right to exercise the Special ROFRs without prior written consent to sell a Project by the Investor Limited Partners; and

    B.    SHAG's exercise of a Special ROFR does not require receipt of a bona fide third-party offer to purchase the project, or an "intention to accept"

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789

the offer on the part of the project partnership, requiring the consent of the Investor Limited Partner.

2.      For such other and further relief as the Court may deem just and proper.

DATED this 21st day of July, 2017.

HILLIS CLARK MARTIN & PETERSON P.S.

By   _s/ Michael R. Scott_
        Michael R. Scott, WSBA #12822
        Jessica C. Kerr, WSBA #49866
        Hillis Clark Martin & Peterson P.S.
        999 Third Avenue, Suite 4600
        Seattle, Washington 98104
        Telephone: (206) 623-1745
        Facsimile: (206) 623-7789
        Email: michael.scott@hcmp.com;
                 jessica.kerr@hcmp.com

Attorneys for Plaintiff
Senior Housing Assistance Group

_Certificate of Service -_

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, Washington 98104
Tel: (206) 623-1745 Fax: (206) 623-7789