THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SENIOR HOUSING ASSISTANCE GROUP,

     Plaintiff/Counter-
     Defendant,

  v.

AMTAX HOLDINGS 260, LLC, et al.

     Defendants/Counter-
     Plaintiffs.

AMTAX HOLDINGS 260, LLC, et al.,

     Third-Party Plaintiffs,

  v.

SENIOR HOUSING ASSISTANCE
CORPORATION, et al.

     Third-Party Defendants.

No. 2:17-cv-01115-RSM

**SENIOR HOUSING ASSISTANCE GROUP'S ANSWER TO COUNTERCLAIMS AND SENIOR HOUSING ASSISTANCE CORPORATION'S ANSWER TO THIRD-PARTY CLAIMS**

*Answer to Counterclaims and*
*Third-Party Claims - 1*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

Plaintiff Senior Housing Assistance Group ("SHAG") and Third-Party Defendant Senior Housing Assistance Corporation ("SHAC"), for their answer to the counterclaims and third-party claims asserted in Defendants/Counter-Plaintiffs' Answer to Complaint and Counterclaims, admit, deny, and allege as follows.  Any allegation that is not expressly admitted by Senior Housing Assistance Group or Senior Housing Assistance Corporation is denied.

## ANSWER TO COUNTERCLAIMS AND THIRD-PARTY CLAIMS

## I.   INTRODUCTION

1.      SHAG and SHAC admit the first two sentences of Paragraph 1.  As to the third sentence of Paragraph 1, SHAG and SHAC admit that the partnership agreements grant SHAG a special right of first refusal (a "Special ROFR") as described in those agreements; SHAG and SHAC otherwise deny the allegations in the third sentence of Paragraph 1.  SHAG and SHAC admit that Section 42 of the Internal Revenue Code provides for a Special ROFR, and deny the allegations in the fourth sentence of Paragraph 1 to the extent they are inconsistent with the provisions of Section 42.

2.      In response to the first sentence of Paragraph 2, SHAG and SHAC admit that AMTAX/Protech together hold at least a 99 percent interest in each of the Project Partnerships.  The remaining sentences are AMTAX/Protech's own characterization of its intentions, and SHAG and SHAC lack information sufficient to either admit or deny those sentences; SHAG and SHAC deny, however the substantive allegations contained in the remaining sentences of Paragraph 2.

3.      Denied.

*Answer to Counterclaims and*
*Third-Party Claims - 2*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

4.      Denied.

5.      Denied.

6.      SHAG and SHAC admit that they entered into a Global Indemnity Agreement, dated July 12, 2001, with Pacific Northern Construction Company, Inc. ("PNCC") and certain PNCC affiliates.  SHAG and SHAC deny all other allegations in Paragraph 6 to the extent they are inconsistent with the terms of the Global Indemnity Agreement.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Paragraph 11 constitutes a description of AMTAX/Protech's request for relief; SHAG and SHAC deny the allegations in Paragraph 11 to the extent they are inconsistent with the contents of AMTAX/Protech's pleadings.

## II.      PARTIES

12.     SHAG and SHAC lack information sufficient to admit or deny AMTAX Holdings 260, LLC's ("AH 260") allegations about its principal place of business, but otherwise admit the allegations in Paragraph 12.

13.     SHAG and SHAC lack information sufficient to admit or deny AMTAX Holdings 259, LLC's ("AH 259") allegations about its principal place of business, but otherwise admit the allegations in Paragraph 13.

14.     SHAG and SHAC lack information sufficient to admit or deny AMTAX Holdings, LLC's ("AH 261") allegations about its principal place of business, but otherwise

*Answer to Counterclaims and*
*Third-Party Claims - 3*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

admit the allegations in Paragraph 14.

15.     SHAG and SHAC lack information sufficient to admit or deny AMTAX

Holdings 258, LLC's ("AH 258") allegations about its principal place of business, but

otherwise admit the allegations in Paragraph 15.

16.     SHAG and SHAC lack information sufficient to admit or deny AMTAX

Holdings 257, LLC's ("AH 257") allegations about its principal place of business, but

otherwise admit the allegations in Paragraph 16.

17.     SHAG and SHAC lack information sufficient to admit or deny AMTAX

Holdings 164, LLC's ("AH 164") allegations about its principal place of business, but

otherwise admit the allegations in Paragraph 17.

18.     SHAG and SHAC lack information sufficient to admit or deny AMTAX

Holdings 109, LLC's ("AH 109") allegations about its principal place of business, but

otherwise admit the allegations in Paragraph 18.

19.     SHAG and SHAC lack information sufficient to admit or deny Protech

Holdings W, LLC's ("Protech W") allegations about its principal place of business, but

otherwise admit the allegations in Paragraph 19.

20.     SHAG and SHAC lack information sufficient to admit or deny Protech 2002-

A, LLC's ("Protech 2002-A") allegations about its principal place of business, but otherwise

admit the allegations in Paragraph 20.

21.     SHAG and SHAC lack information sufficient to admit or deny Protech 2001-

B, LLC's ("Protech 2001-B") allegations about its principal place of business, but otherwise

admit the allegations in Paragraph 21.

*Answer to Counterclaims and*
*Third-Party Claims - 4*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

22.      SHAG is the lessee of all the affordable housing projects at issue in this litigation, and otherwise admits the allegations in Paragraph 22.

23.      Admitted.

24.      Admitted.

25.      Admitted.

26.      Admitted.

27.      Admitted.

### III.      JURISDICTION AND VENUE

28.      Admitted.

29.      Admitted.

30.      Admitted.

31.      Paragraph 31 contains legal conclusions and argument to which no response is required.  To the extent Paragraph 31 contains factual allegations that require a response, SHAG and SHAC lack information sufficient to admit or deny the allegations in Paragraph 31.

### IV.      FACTS

**The LIHTC Program**

32.      Paragraph 32 contains legal conclusions and argument to which no response is required.  To the extent Paragraph 32 contains factual allegations that require a response, SHAG and SHAC admit that LIHTC provisions in Section 42 of the Internal Revenue Code permit tax credits to be "sold" to equity investors in exchange for equity capital contributions to low income housing projects.  SHAG and SHAC further admit that LIHTC projects

*Answer to Counterclaims and*
*Third-Party Claims - 5*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

complying with Section 42 can generate tax credits for equity investors, and SHAG and SHAC otherwise lack sufficient information to admit or deny the remaining allegations in Paragraph 32, and therefore deny them.

33.     SHAG and SHAC admit that LIHTC investments are often structured as a limited partnership between and investor limited partner, which provides capital, and a general partner, which is responsible for developing and operating the project.  SHAG and SHAC further admit that investor partners often act in concert with a special limited partner and that the general partner is often a qualified nonprofit organization focused on affordable housing.  SHAG and SHAC otherwise deny the allegations in Paragraph 33.

34.     Paragraph 34 contains legal conclusions and argument to which no response is required.  To the extent Paragraph 34 contains factual allegations that require a response, SHAG and SHAC admit that investor limited partners and special limited partners in LIHTC projects often hold a 99 percent or greater ownership interest in the project partnerships in which they invest, and otherwise deny the allegations in Paragraph 34.

35.     SHAG and SHAC admit that partnership agreements for project partnerships often contain provisions governing the disposition of the project assets after the end of the 15 year compliance period, and that those provisions can include options and special rights of first refusal.  SHAG and SHAC otherwise deny the remaining allegations in Paragraph 35.

36.     SHAG and SHAC deny the allegations in the second sentence of Paragraph 36 to the extent they are inconsistent with the text of Section 42(i)(7)(A), and otherwise deny the allegations in Paragraph 36.

*Answer to Counterclaims and
Third-Party Claims - 6
(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

37.    SHAG and SHAC admit that the minimum purchase price set by 26 U.S.C. § 42(i)(7)(B) is not always less than fair market value, and otherwise deny the allegations in Paragraph 37.

38.    Denied.

**The Partnership Agreements**

39.    SHAG and SHAC admit that the various partnership agreements are not identical, and SHAG and SHAC deny the allegations in Paragraph 36 to the extent they are inconsistent with those partnership agreements.

***Purchase and Sale Provisions***

40.    Paragraph 40 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 40 to the extent they are inconsistent with Section 7.1.B(viii) of the partnership agreements.

41.    Paragraph 41 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 41 to the extent they are inconsistent with Section 7.4.J of the partnership agreements.

42.    Paragraph 42 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 42 to the extent they are inconsistent with Section 7.4.K of the partnership agreements.

43.    SHAG and SHAC deny the allegations in Paragraph 43 to the extent they are inconsistent with the language Section 7.4L in the various partnership agreements.

44.    Paragraph 44 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 44 to the extent they are

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

inconsistent with the partnership agreements.

45.     Paragraph 45 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 45 to the extent they are inconsistent with the partnership agreements.

### *Obligations of Managing General Partners*

46.     SHAG and SHAC deny the allegations in Paragraph 46 to the extent they are inconsistent with Section 7.4.G in the various partnership agreements.

47.     The first sentence of Paragraph 47 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence of Paragraph 47 to the extent they are inconsistent with Section 12.1.I of the partnership agreements.  SHAG and SHAC otherwise deny the allegations in Paragraph 47.

48.     Paragraph 48 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 48 to the extent they are inconsistent with the partnership agreements.

### **The Global Indemnity Agreement**

49.     Developer parties are identified in documents for each of the LIHTC projects, and SHAG and SHAC deny the allegations in Paragraph 49 to the extent they are inconsistent with those project documents.

50.     SHAG and SHAC admit that they have worked with PNCC to develop, build, and manage affordable housing projects in Washington.  SHAG is a tax-exempt nonprofit organization, but SHAG and SHAC otherwise deny the allegations in the second sentence of Paragraph 50.  SHAG and SHAC deny that the allegations in the third sentence of

*Answer to Counterclaims and*
*Third-Party Claims - 8*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

Paragraph 50 constitute an example of Bryan Park representing SHAG, and deny the allegations in the third sentence of Paragraph 50 to the extent they are inconsistent with the text of Senate Bill Report HB 1605.  SHAG and SHAC deny the fourth sentence of Paragraph 50.  SHAG and SHAC deny any remaining allegations in Paragraph 50.

51.     Denied.

52.     SHAG and SHAC admit that they entered into a Global Indemnity Agreement dated July 12, 2001, with PNCC and certain of its affiliates, including Steel Lake.  SHAG and SHAC admit that a copy of the Global Indemnity Agreement was attached to Docket No. 26 as Exhibit A.  SHAG and SHAC deny the allegations beginning in the third sentence of Paragraph 52 to the extent they are inconsistent with the Global Indemnity Agreement, and SHAG and SHAC otherwise deny the allegations in Paragraph 52.

53.     Denied.

54.     Paragraph 54 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 54 to the extent they are inconsistent with the Global Indemnity Agreement.

**Meridian Court**

55.     Admitted.

56.     Admitted.

57.     Paragraph 57 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 57 to the extent they are inconsistent with the Meridian Court Apartments partnership agreement.

58.     Admitted.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

59.     Admitted.

60.     Admitted.

61.     Paragraph 61 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 61 to the extent they are inconsistent with the Meridian Court Apartments partnership agreement.

62.     Paragraph 62 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 62 to the extent they are inconsistent with the Meridian Court Apartments partnership agreement.

63.     Paragraph 63 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 63 to the extent they are inconsistent with the Meridian Court Apartments partnership agreement.

64.     SHAG and SHAC deny the allegations in Paragraph 64 to the extent they are inconsistent with Section 7.4.L.

65.     The first sentence of Paragraph 65 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence of Paragraph 65 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

66.     Paragraph 66 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 66 to the extent they are inconsistent with the Global Indemnity Agreement.

67.     SHAG and SHAC admit the compliance period expired on December 31, 2012, and deny the remaining allegations to the extent they are inconsistent with the project documents.

*Answer to Counterclaims and*
*Third-Party Claims - 10*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

68.     SHAG and SHAC admit that, in a letter bearing the date of December 30, 2014, SHAG gave written notice of the exercise of its Special ROFR to the Partnership and the Investor and Special Limited Partners; SHAG and SHAC otherwise deny the allegations in Paragraph 68.

69.     SHAG and SHAC admit that, to their present knowledge, as of December 30, 2014, AH 260 had not attempted to exercise its rights under Section 7.4.K.  SHAG and SHAC lack sufficient information to admit or deny the allegation that neither AH 260 nor Protech W had "given any other indication of a desire to sell the Meridian Court Apartments Project." SHAG and SHAC otherwise deny the remaining allegations in Paragraph 69.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     SHAG and SHAC lack sufficient information to admit or deny the allegations in Paragraph 76.

77.     Paragraph 77 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 77 to the extent they are inconsistent with the Meridian Court Apartments partnership agreement.

**Auburn Court**

78.     Admitted.

*Answer to Counterclaims and*
*Third-Party Claims - 11*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

79.     Admitted.

80.     Paragraph 80 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 80 to the extent they are inconsistent with the Auburn North Associates partnership agreement.

81.     Admitted.

82.     Admitted.

83.     SHAG and SHAC deny the first sentence of Paragraph 83.  SHAG and SHAC admit the second sentence of Paragraph 83.

84.     Paragraph 84 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 84 to the extent they are inconsistent with the Auburn North Apartments partnership agreement.

85.     Paragraph 85 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 85 to the extent they are inconsistent with the Auburn North Apartments partnership agreement.

86.     Paragraph 86 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 86 to the extent they are inconsistent with the Auburn North Apartments partnership agreement.

87.     SHAG and SHAC deny the allegations in Paragraph 87 to the extent they are inconsistent with Section 7.4.L.

88.     The first sentence of Paragraph 88 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence of Paragraph 88 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

*Answer to Counterclaims and*
*Third-Party Claims - 12*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

89.     Paragraph 89 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 89 to the extent they are inconsistent with the Global Indemnity Agreement.

90.     SHAG and SHAC admit the compliance period expired on December 31, 2013, and deny the remaining allegations to the extent they are inconsistent with the project documents.

91.     SHAG and SHAC admit that, in a letter bearing the date of December 30, 2015, SHAG gave written notice of the exercise of its Special ROFR to the Partnership and the Investor and Special Limited Partners; SHAG and SHAC otherwise deny the allegations in Paragraph 91.

92.     SHAG and SHAC admit that, to their present knowledge, as of December 30, 2015, AH 259 had not attempted to exercise its rights under Section 7.4.K.  SHAG and SHAC lack sufficient information to admit or deny the allegation that neither AH 259 nor Protech W had "given any other indication of a desire to sell the Auburn Court Apartments Project." SHAG and SHAC otherwise deny the remaining allegations in Paragraph 92.

93.     SHAG and SHAC admit that SHAG provided notice to AH 259 and Protech W in letters dated December 29, 2015 and December 30, 2015, of bona fide third-party offers to purchase the Auburn Court Apartments Project.  SHAG and SHAC admit that SHAG rejected the offer from SSRE Development, Inc., but offered to reconsider subject to certain terms. SHAG and SHAC admit that SHAG accepted the offer from Redwood, subject to counter-offer terms.  SHAG and SHAC otherwise deny the remaining allegations in Paragraph 93.

94.     Denied.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

**Boardwalk**

100.    Admitted.

101.    Admitted.

102.    Paragraph 102 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 102 to the extent they are inconsistent with the Capitol Way Associates partnership agreement.

103.    Admitted.

104.    Admitted.

105.    Admitted.

106.    Paragraph 106 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 106 to the extent they are inconsistent with the Capitol Way Associates partnership agreement.

107.    Paragraph 107 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 107 to the extent they are inconsistent with the Capitol Way Associates partnership agreement.

108.    Paragraph 108 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 108 to the extent they are

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

inconsistent with the Capitol Way Associates partnership agreement.

109.   SHAG and SHAC deny the allegations in Paragraph 109 to the extent they are inconsistent with Section 7.4.L.

110.   The first sentence of Paragraph 110 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence of Paragraph 110 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

111.   Paragraph 111 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 111 to the extent they are inconsistent with the Global Indemnity Agreement.

112.   SHAG and SHAC admit the compliance period expired on December 31, 2014, and deny the remaining allegations to the extent they are inconsistent with the project documents.

113.   SHAG and SHAC admit that, in written correspondence bearing the date of November 18, 2016, SHAG gave written notice of the exercise of its Special ROFR to the Partnership, the General Partner, and the Limited Partners; SHAG and SHAC otherwise deny the allegations in Paragraph 113.

114.   SHAG and SHAC admit that, to their present knowledge, as of November 18, 2016, AH 261 had not attempted to exercise its rights under Section 7.4.K.  SHAG and SHAC lack sufficient information to admit or deny the allegation that neither AH 261 nor Protech W had "given any other indication of a desire to sell the Boardwalk Apartments Project."  SHAG and SHAC otherwise deny the remaining allegations in Paragraph 114.

115.   Denied.

*Answer to Counterclaims and*
*Third-Party Claims - 15*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

**WoodRose**

121.    Admitted.

122.    Admitted.

123.    Paragraph 123 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 123 to the extent they are inconsistent with the WoodRose partnership agreement.

124.    Admitted.

125.    Admitted.

126.    Admitted.

127.    Paragraph 127 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 127 to the extent they are inconsistent with the WoodRose partnership agreement.

128.    Paragraph 128 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 128 to the extent they are inconsistent with the WoodRose partnership agreement.

129.    Paragraph 129 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 129 to the extent they are

*Answer to Counterclaims and*
*Third-Party Claims - 16*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

inconsistent with the WoodRose partnership agreement.

130.     SHAG and SHAC deny the allegations in Paragraph 130 to the extent they are inconsistent with Section 7.4.L.

131.     The first sentence of Paragraph 131 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence of Paragraph 131 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

132.     Paragraph 132 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 132 to the extent they are inconsistent with the Global Indemnity Agreement.

133.     SHAG and SHAC admit the compliance period expired on December 31, 2015, and deny the remaining allegations to the extent they are inconsistent with the project documents.

134.     SHAG and SHAC admit that, in written correspondence bearing the date of November 18, 2016, SHAG gave written notice of the exercise of its Special ROFR to the Partnership, the General Partner, and the Limited Partners; SHAG and SHAC otherwise deny the allegations in Paragraph 134.

135.     SHAG and SHAC admit that, to their present knowledge, as of November 18, 2016, AH 258 had not attempted to exercise its rights under Section 7.4.K.  SHAG and SHAC lack sufficient information to admit or deny the allegation that neither AH 258 nor Protech W had "given any other indication of a desire to sell the WoodRose Apartments Project."  SHAG and SHAC otherwise deny the remaining allegations in Paragraph 135.

136.     Denied.

*Answer to Counterclaims and Third-Party Claims - 17 (2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

**Lakewood Meadows**

142.    Admitted.

143.    Admitted.

144.    Paragraph 144 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 144 to the extent they are inconsistent with the Lakewood Meadows partnership agreement.

145.    Admitted.

146.    Admitted.

147.    Admitted.

148.    Paragraph 148 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 148 to the extent they are inconsistent with the Lakewood Meadows partnership agreement.

149.    Paragraph 149 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 149 to the extent they are inconsistent with the Lakewood Meadows partnership agreement.

150.    Paragraph 150 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 150 to the extent they are

*Answer to Counterclaims and*
*Third-Party Claims - 18*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington  98104
Tel: (206) 623-1745 Fax: (206) 623-7789

inconsistent with the Lakewood Meadows partnership agreement.

151.    SHAG and SHAC deny the allegations in Paragraph 151 to the extent they are inconsistent with Section 7.4.L.

152.    The first sentence of Paragraph 152 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence of Paragraph 152 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

153.    Paragraph 153 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 153 to the extent they are inconsistent with the Global Indemnity Agreement.

154.    SHAG and SHAC admit the compliance period expired on December 31, 2016, and deny the remaining allegations to the extent they are inconsistent with the project documents.

155.    SHAG and SHAC admit the first sentence of Paragraph 155.  SHAG and SHAC admit that SHAG initiated this litigation, and the relief that SHAG seeks is described in its complaint.  SHAG and SHAC deny the remaining allegations in the second sentence of Paragraph 155 to the extent they are inconsistent with SHAG's complaint and the project documents, and deny all other allegations in Paragraph 155.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

**Alderwood Court**

161.    Admitted.

162.    Admitted.

163.    Paragraph 163 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 163 to the extent they are inconsistent with the Alderwood Court partnership agreement.

164.    Admitted.

165.    Admitted.

166.    Admitted.

167.    Paragraph 167 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 167 to the extent they are inconsistent with the Alderwood Court partnership agreement.

168.    Paragraph 168 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 168 to the extent they are inconsistent with the Alderwood Court partnership agreement.

169.    Paragraph 169 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 169 to the extent they are inconsistent with the Alderwood Court partnership agreement.

170.    SHAG and SHAC deny the allegations in Paragraph 170 to the extent they are inconsistent with Section 7.4.L.

171.    The first sentence of Paragraph 171 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

of Paragraph 171 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

172.     Paragraph 172 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 172 to the extent they are inconsistent with the Global Indemnity Agreement.

173.     SHAG and SHAC admit the compliance period has not yet expired, and deny the remaining allegations in the first sentence of Paragraph 173 to the extent they are inconsistent with the project documents.  SHAG and SHAC deny the remaining allegations in Paragraph 173.

174.     Denied.

175.     Denied.

176.     Denied.

177.     Denied.

178.     Denied.

**Woodlands**

179.     Admitted.

180.     Admitted.

181.     Paragraph 181 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 181 to the extent they are inconsistent with the Woodlands partnership agreement.

182.     Admitted.

183.     Admitted.

184.     Admitted.

*Answer to Counterclaims and*
*Third-Party Claims - 21*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

185.     Paragraph 185 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 185 to the extent they are inconsistent with the Woodlands partnership agreement.

186.     Paragraph 186 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 186 to the extent they are inconsistent with the Woodlands partnership agreement.

187.     Paragraph 187 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 187 to the extent they are inconsistent with the Woodlands partnership agreement.

188.     SHAG and SHAC deny the allegations in Paragraph 188 to the extent they are inconsistent with Section 7.4.L.

189.     The first sentence of Paragraph 189 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in the second sentence of Paragraph 189 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

190.     Paragraph 190 contains legal conclusions and argument to which no response is required.  SHAG and SHAC deny the allegations in Paragraph 190 to the extent they are inconsistent with the Global Indemnity Agreement.

191.     SHAG and SHAC admit the compliance period has not yet expired, and deny the remaining allegations in the first sentence of Paragraph 191 to the extent they are inconsistent with the project documents.  SHAG and SHAC deny the remaining allegations in Paragraph 191.

192.     Denied.

*Answer to Counterclaims and*
*Third-Party Claims - 22*
*(2:17-cv-01115-RSM)*

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

## V.    CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION

### Declaratory Judgment (Rights of First Refusal)

### (By AMTAX/Protech against SHAG)

197.    SHAG and SHAC repeat and incorporate by reference each and every response set forth above.

198.    Admitted.

199.    Denied.

### SECOND CAUSE OF ACTION

### Declaratory Judgment (Removal – Meridian Court)

### (AH 260 Against Steel Lake)

200.    SHAG and SHAC repeat and incorporate by reference each and every response set forth above.

201.    Admitted.

202.    Admitted.

203.    Admitted.

204.    Denied.

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

### THIRD CAUSE OF ACTION

### Declaratory Judgment (Removal – Auburn Court)

### (AH 259 Against SHAG)

205.     SHAG and SHAC repeat and incorporate by reference each and every response set forth above.

206.     Admitted.

207.     Admitted.

208.     Admitted.

209.     Denied.

### FOURTH CAUSE OF ACTION

### Declaratory Judgment (Removal – Boardwalk)

### (AH 261 Against SHAC)

210.     SHAG and SHAC repeat and incorporate by reference each and every response set forth above.

211.     Admitted.

212.     Admitted.

213.     Admitted.

214.     Denied.

### FIFTH CAUSE OF ACTION

### Declaratory Judgment (Removal – WoodRose)

### (AH 258 Against SHAC)

215.     SHAG and SHAC repeat and incorporate by reference each and every response

*Answer to Counterclaims and*
*Third-Party Claims - 24*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

set forth above.

216.   Admitted.

217.   Admitted.

218.   Admitted.

219.   Denied.

### SIXTH CAUSE OF ACTION

### Declaratory Judgment (Removal – Lakewood Meadows)

### (AH 257 Against Lakewood Meadows)

220.   SHAG and SHAC repeat and incorporate by reference each and every response set forth above.

221.   Admitted.

222.   Admitted.

223.   Admitted.

224.   Denied.

### SEVENTH CAUSE OF ACTION

### Declaratory Judgment (Removal – Alderwood Court)

### (AH 164 Against Lynnwood)

225.   SHAG and SHAC repeat and incorporate by reference each and every response set forth above.

226.   Admitted.

227.   Admitted.

228.   Admitted.

*Answer to Counterclaims and*
*Third-Party Claims - 25*
*(2:17-cv-01115-RSM)*

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

1    229.    Denied.

2                    **EIGHTH CAUSE OF ACTION**

3           **Declaratory Judgment (Removal – Woodlands)**

4                    **(AH 164 Against Woodlands)**

5

6    230.    SHAG and SHAC repeat and incorporate by reference each and every response

7    set forth above.

8    231.    Admitted.

9    232.    Admitted.

10   233.    Admitted.

11   234.    Denied.

12

13   235.    No response is required to the remainder of the Counter-Plaintiffs' and Third-

14   Party Plaintiffs' counterclaims and third-party claims, which set forth the Counter-Plaintiffs'

15   and Third-Party Plaintiffs' prayer for relief.  To the extent a response is required to the

16   remainder of the counterclaims and third-party claims, SHAG and SHAC deny all remaining

17   allegations.

18                    **AFFIRMATIVE DEFENSES**

19         By way of further answer and affirmative defenses, SHAG and SHAC allege as

20   follows:

21

22   1.    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs have failed to state a

23   claim upon which relief can be granted.

24   2.    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' claims are barred by the

25   doctrines of waiver and acquiescence.

26

*Answer to Counterclaims and*
*Third-Party Claims - 26*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789

3.      Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' claims are barred by the doctrine of estoppel.

4.      Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' claims are barred by the doctrine of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Defendants/Counter-Plaintiffs/Third-Party Plainitffs' counterclaims and third-party claims, SHAG and SHAC pray for relief as follows:

1.      That the Court deny Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' request for declaratory judgment in its entirety;

2.      That the Court dismiss all claims against SHAG and SHAC with prejudice;

3.      That the Court enter declaratory judgment in SHAG's favor as requested in the Complaint;

4.      That the Court grant SHAG and SHAC such other and further relief as the Court may deem just and proper.

DATED this 6th day of October, 2017.

HILLIS CLARK MARTIN & PETERSON P.S.

By    _s/ Michael R. Scott_
     Michael R. Scott, WSBA #12822
     Jake Ewart, WSBA #38655
     Jessica C. Kerr, WSBA #49866
     999 Third Avenue, Suite 4600
     Seattle, Washington  98104
     Telephone:  (206) 623-1745
     Facsimile:  (206) 623-7789
     Email:  michael.scott@hcmp.com;
     jake.ewart@hcmp.com; jessica.kerr@hcmp.com
Attorneys for Plaintiff/Counter-Defendant
Senior Housing Assistance Group and Third-Party
Defendant Senior Housing Assistance Corporation

_Answer to Counterclaims and_
_Third-Party Claims - 27_
_(2:17-cv-01115-RSM)_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of October, 2017, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification

of such filing to the following:

- Christopher G. Caldwell
  ccaldwell@bsfllp.com, BSF_LAD_Records@BSFLLP.com
- David J. Burman
  dburman@perkinscoie.com, docketsea@perkinscoie.com,
  jmccluskey@perkinscoie.com
- Dennis H. Walters
  dwalters@karrtuttle.com, jnesbitt@karrtuttle.com, swatkins@karrtuttle.com
- Noah Perez-Silverman
  nperez-silverman@bsfllp.com
- Eric S. Pettit
  epettit@bsfllp.com
- Steven Douglas Merriman
  smerriman@perkinscoie.com, docketsea@perkinscoie.com,
  tbrandon@perkinscoie.com

DATED this 6th day of October, 2017 at Seattle, Washington.

                *s/ Michael R. Scott*
                Michael R. Scott
                Hillis Clark Martin & Peterson P.S.
                999 Third Avenue, Suite 4600
                Seattle, Washington  98104
                Telephone:  (206) 623-1745
                Facsimile:  (206) 623-7789
                Email:  michael.scott@hcmp.com

*Answer to Counterclaims and*
*Third-Party Claims - 28*
*(2:17-cv-01115-RSM)*

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue,  Suite 4600
Seattle, Washington   98104
Tel: (206) 623-1745 Fax: (206) 623-7789