1

2

3

4

5

6

7

8

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10

11

12

13

14

SENIOR HOUSING ASSISTANCE GROUP ,

        Plaintiff,

     v.

AMTAX HOLDINGS 260, LLC, et al. ,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:17-CV-01115  RSM

ANSWER OF THIRD-PARTY
DEFENDANTS STEEL LAKE
LAKEWOOD MEADOWS,
LYNNWOOD RETIREMENT AND
WOODLANDS

15

16

17

18

19

20

21

AMTAX HOLDINGS 260, LLC, et al. ,

        Counter-Plaintiffs,

     v.

SENIOR HOUSING ASSISTANCE
CORPORATION, et al.,

        Counter-Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

22

23

24

25

26

27

     Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Third-Party Defendants Steel Lake Enterprises, LLC ("Steel Lake"), Lakewood Meadows Enterprises, LLC ("Lakewood"), Lynnwood Retirement Living, LLC ("Lynnwood"), and Woodlands Associates, LLC ("Woodlands") (collectively, the "PNCC-affiliated General Partners"), all of whom are affiliates of proposed Intervenor Pacific Northern Construction Company, Inc. ("PNCC"),

ANSWER OF THIRD-PARTY
DEFENDANTS - 1
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

hereby answer Defendants' third-party claims (asserted as "Counterclaims") filed September 15, 2017 (the "Third-Party Claims"), and allege as follows:

<u>**ANSWER TO THIRD-PARTY CLAIMS**</u>

**I.   INTRODUCTION**

1.   The PNCC-affiliated General Partners admit the first two sentences of Paragraph 1. As to the third sentence of Paragraph 1, the PNCC-affiliated General Partners admit that the partnership agreements grant SHAG a special right of first refusal (a "special ROFR") to purchase the LIHTC projects as described in Section 7.4L of those partnership agreements; the PNCC-affiliated General Partners otherwise deny the allegations in the third sentence of Paragraph 1. The PNCC-affiliated General Partners admit that Section 42(i)(7) of the Internal Revenue Code provides that no federal income tax benefit shall be disallowed merely by reason of the existence of such a special ROFR held by a qualified purchaser, and deny the allegations in the fourth sentence of Paragraph 1 to the extent they are inconsistent with the express provisions of Section 42(i)(7).

2.   In response to the first sentence of Paragraph 2, the PNCC-affiliated General Partners admit that the AMTAX defendants are entitled to certain allocations of partnership items of 99% or greater in each of the Project Partnerships, but deny that such allocations constitute 99% or greater ownership in each of the Project Partnerships since the PNCC-affiliated General Partners are entitled to allocations or payments of all or substantially all of certain other partnership items, especially the economic benefits of ownership that are commonly associated with real estate ownership such as cash flow from operations. Accordingly, the characterization of "ownership" in Paragraph 2 is over-simplified. The systems of partnership allocations were designed to allocate all or substantially all of the tax credits and other tax benefits to AMTAX defendants and to allocate all or substantially all of the economic benefits of ownership to the Managing General Partners of the Project Partnerships. The benefits associated with the special ROFR described in Section 7.4L of the partnership agreements, as well as the

ANSWER OF THIRD-PARTY
DEFENDANTS - 2
CASE NO. 2:17-CV-01115 RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Option to purchase described in Section 7.4J of the partnership agreements, are associated with economic benefits. The remainder of Paragraph 2 constitutes AMTAX's own self-serving characterization of its unfounded legal theory and, therefore, the PNCC-affiliated General Partners deny the substantive allegations contained in the remainder of Paragraph 2.

3.      Paragraph 3 consists of a continuation of AMTAX's own self-serving characterization of its unfounded legal theory as to the motives or intentions of SHAG and, therefore, the PNCC-affiliated General Partners deny the allegations contained in Paragraph 3.

4.      Paragraph 4 consists of a continuation of AMTAX's own self-serving characterization of its unfounded legal theory as to when a special ROFR can be exercised and, therefore, the PNCC-affiliated General Partners deny the substantive allegations and legal conclusions contained in Paragraph 4 as they are contrary to the plain language of Section 7.4L of the applicable partnership agreements.

5.      Paragraph 5 consists of a continuation of AMTAX's own self-serving characterization of its unfounded legal theory as to the Congressional intent surrounding Section 42(i)(7) and, therefore, the PNCC-affiliated General Partners deny the substantive allegations and legal conclusions contained in Paragraph 4 as they are contrary to the plain language of Section 42(i)(7), as well as the plain language of Section 7.4L of the applicable partnership agreements.

6.      In response to the first sentence of Paragraph 6, the PNCC-affiliated General Partners admit that SHAG and SHAC entered into a Global Indemnity Agreement, dated July 12, 2001, with PNCC and several of its affiliates. The PNCC-affiliated General Partners deny that PNCC or any of its affiliates are also affiliated with SHAG and SHAC. The PNCC-affiliated General Partners deny all other allegations in Paragraph 6 to the extent they are inconsistent with the express terms of the Global Indemnity Agreement.

ANSWER OF THIRD-PARTY
DEFENDANTS - 3
CASE NO. 2:17-CV-01115 RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

7.       Denied.  The PNCC-affiliated General Partners deny that SHAG, PNCC, and their affiliates resisted disclosure of the Global Indemnity Agreement, or otherwise attempted to hide the Agreement or force AMTAX/Protech out of any Project Partnership.

8.       Denied.  In response to the first sentence of Paragraph 8, the PNCC-affiliated General Partners deny any impropriety arising from the Global Indemnity Agreement. In response to the second sentence of Paragraph 8, the PNCC-affiliated General Partners deny that, because "the relevant limited partnership agreement provisions at issue in this matter must be interpreted in the context of Section 42" (SHAG Complaint Paragraph 2), it prevents SHAG from exercising its special ROFR. Nothing in Section 42 contravenes the conditions for the exercise of the special ROFR set forth under Section 7.4L of the partnership agreements. In response to the third sentence of Paragraph 8, the PNCC-affiliated General Partners deny that permitting SHAG to purchase the LIHTC projects, notwithstanding the existence of the Global Indemnity Agreement, would jeopardize the tax credits that the partnership agreements are specially drafted to protect.

9.       Denied.

10.      Denied.

11.      Paragraph 11 constitutes a description of AMTAX's request for relief that does not require a response; however, the PNCC-affiliated General Partners deny the allegations in Paragraph 11 to the extent they purport to provide bases for AMTAX's request for relief.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## II.    PARTIES

12.    The PNCC-affiliated General Partners lack information sufficient to admit or deny AH 260's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 12.

13.    The PNCC-affiliated General Partners lack information sufficient to admit or deny AH 259's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 13.

14.    The PNCC-affiliated General Partners lack information sufficient to admit or deny AH 261's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 14.

15.    The PNCC-affiliated General Partners lack information sufficient to admit or deny AH 258's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 15.

16.    The PNCC-affiliated General Partners lack information sufficient to admit or deny AH 257's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 16.

17.    The PNCC-affiliated General Partners lack information sufficient to admit or deny AH 164's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 17.

18.    The PNCC-affiliated General Partners lack information sufficient to admit or deny AH 109's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 18.

19.    The PNCC-affiliated General Partners lack information sufficient to admit or deny Protech W's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 19.

ANSWER OF THIRD-PARTY
DEFENDANTS - 5
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

20.    The PNCC-affiliated General Partners lack information sufficient to admit or deny Protech 2002-A's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 20.

21.    The PNCC-affiliated General Partners lack information sufficient to admit or deny Protech 2001-B's allegations about its legal domicile or principal place of business, but otherwise admit the allegations in Paragraph 21.

22.    The PNCC-affiliated General Partners deny the allegation that SHAG merely purports to be the lessee of all of the affordable housing projects at issue in this litigation.  The PNCC-affiliated General Partners have actual knowledge and incontrovertible proof that SHAG is the lessee and operator of all of the affordable housing projects at issue in this litigation. The PNCC-affiliated General Partners otherwise admit the allegations in Paragraph 22.

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    Admitted.

27.    Admitted.

### III.    JURISDICTION AND VENUE

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

### IV.    FACTS

**The LIHTC Program**

32.    Paragraph 32 contains factual and legal conclusions to which no response is required.  To the extent Paragraph 32 contains factual allegations that require a response, the

ANSWER OF THIRD-PARTY
DEFENDANTS - 6
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

PNCC-affiliated General Partners admit that LIHTC provisions in Section 42 of the Internal Revenue Code permit tax credits to be "sold" to equity investors in exchange for equity capital contributions to low income housing projects directly or indirectly through pass-through entities such as partnership and limited liability companies.  The PNCC-affiliated General Partners further admit that LIHTC projects complying with Section 42 can generate tax credits and other tax benefits for equity investors.  The PNCC-affiliated General Partners otherwise lack sufficient knowledge to admit or deny the remaining allegations, and therefore deny same.

33.    The PNCC-affiliated General Partners admit that LIHTC investments are often structured as a limited partnership between and investor limited partner, which provides capital, and a general partner, which is responsible for developing and operating the project.  The PNCC-affiliated General Partners further admit that investor partners sometimes act in concert with a special limited partner and that the general partner is sometimes a qualified nonprofit organization focused on affordable housing or sometimes works with a qualified nonprofit organization. The PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 33.

34.    Paragraph 34 contains legal conclusions and arguments to which no response is required.  To the extent Paragraph 34 contains factual allegations that require a response, the PNCC-affiliated General Partners deny such allegations.

35.    The PNCC-affiliated General Partners admit that partnership agreements such as those for the Project Partnerships often contain provisions governing the disposition of the project following the expiration of the fifteen-year LIHTC Compliance Period, and that those provisions can include options, forced sale rights, and rights of first refusal such as the special ROFR.  The PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 35.

36.    The PNCC-affiliated General Partners deny the allegations in Paragraph 36.

ANSWER OF THIRD-PARTY
DEFENDANTS - 7
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

37.     The PNCC-affiliated General Partners admit that the minimum purchase price set by Section 42(i)(7)(B) may not always be less than fair market value, but otherwise deny the allegations in Paragraph 37.

38.     The PNCC-affiliated General Partners deny the allegations in Paragraph 38.

**The Partnership Agreements**

39.     The PNCC-affiliated General Partners admit that the various partnership agreements are not all identical, and deny the allegations in Paragraph 39 to the extent they are inconsistent with the provisions of such partnership agreements.

*Purchase and Sale Provisions*

40.     Paragraph 40 contains legal conclusions and arguments to which no response is required.  To the extent Paragraph 40 contains factual allegations, the PNCC-affiliated General Partners deny the allegations in Paragraph 40.

41.     Paragraph 41 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners deny the allegations to the extent they are inconsistent with the express provisions of Section 7.4J of the partnership agreements.

42.     Paragraph 42 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners deny the allegations to the extent they are inconsistent with the express provisions of Section 7.4.K of the partnership agreements.

43.     Paragraph 43 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners deny the allegations to the extent they are inconsistent with the express provisions of Section 7.4.L of the partnership agreements.

44.     Paragraph 44 contains legal conclusions and arguments to which no response is required. The PNCC-affiliated General Partners deny the allegations to the extent that they are inconsistent with the partnership agreements.

ANSWER OF THIRD-PARTY
DEFENDANTS - 8
CASE NO. 2:17-CV-01115 RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

45.     Paragraph 45 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners deny the allegations to the extent that they are inconsistent with the partnership agreements.

**Obligations of Managing PNCC-affiliated General Partners**

46.     The PNCC-affiliated General Partners deny the allegations in Paragraph 46 to the extent they are inconsistent with the express provisions of Section 7.4.G in the partnership agreements, the other provisions set forth in the partnership agreements, and the provisions of common law.

47.     The first sentence of Paragraph 47 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners deny the allegations in the second sentence of Paragraph 47 to the extent they are inconsistent with the express provisions of Section 12.1I of the partnership agreements. The PNCC-affiliated General Partners otherwise deny the allegations.

48.     Paragraph 48 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 48.

**The Global Indemnity Agreement**

49.     The PNCC-affiliated General Partners admit that they served as the developer, or provided development management services, on behalf of the developer of record, for all seven projects.

50.     The PNCC-affiliated General Partners admit that they have worked with SHAG on several occasions to develop, build, and manage affordable housing projects in Washington. The PNCC-affiliated General Partners have insufficient knowledge to admit or identify whether or not Bryan Park, the President of PNCC, was identified as a "representative" of SHAG in Senate Bill Report HB 1605, or if Mr. Park was erroneously listed as a "representative" of SHAG in connection with his testimony before the Washington State Senate Committee Hearing

ANSWER OF THIRD-PARTY
DEFENDANTS - 9
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

on Governmental Operations & Security on April 13, 2015. The PNCC-affiliated General Partners admit that Mr. Park did indeed testify before the Committee, but deny any affiliation between Mr. Park and SHAG or between PNCC and SHAG. In response to the last sentence of Paragraph 50, the PNCC-affiliated General Partners deny the allegation that PNCC and SHAG both have offices located at 201 – 27th Avenue SE in Puyallup, WA 98374.

51.     Denied.

52.     The PNCC-affiliated General Partners admit that SHAG and SHAC entered into the Global Indemnity Agreement dated July 12, 2001, with PNCC and certain of its affiliates, including Steel Lake. The PNCC-affiliated General Partners admit that a copy of the Global Indemnity Agreement was attached to Docket #26 as Exhibit A. The PNCC-affiliated General Partners deny the allegations beginning in the third sentence of Paragraph 52 to the extent they are inconsistent with the exact and entire language of the Global Indemnity Agreement, and otherwise deny the allegations in Paragraph 52.

53.     Denied.

54.     Admitted.

**Meridian Court**

55.     Admitted.

56.     Admitted.

57.     Paragraph 57 contains legal conclusions and arguments to which no response is required. The PNCC-affiliated General Partners deny the allegations in Paragraph 57 to the extent they are inconsistent with Section 2.3 (Purpose) and other applicable provisions of the Meridian Court Apartments Partnership Agreement.

58.     Admitted.

59.     Admitted.

60.     Admitted, except that, in response to the allegations in the last sentence of Paragraph 60, while Steel Lake executed the Global Indemnity Agreement, it did so on its own

ANSWER OF THIRD-PARTY
DEFENDANTS - 10
CASE NO. 2:17-CV-01115 RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

behalf and not as an affiliate of PNCC. PNCC is not a member of Steel Lake, although Paul Scott Price, a member and the manager of Steel Lake, is an officer and shareholder of PNCC, and, therefore, an affiliate of PNCC.

61.    Paragraph 61 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 61 to the extent they are inconsistent with the express provisions of Section 4.5A(iii) of the Meridian Court Apartments Partnership Agreement.

62.    Paragraph 62 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners admit the allegations in the first sentence of Paragraph 62, and deny the allegations in the second sentence of Paragraph 62 to the extent they are inconsistent with the express provisions of Section 7.4J and Section 4.5A(iii) of the Meridian Court Apartments Partnership Agreement.

63.    Paragraph 63 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 63 to the extent they are inconsistent with the express provisions of Sections 7.4J, 7.4K and 7.4L of the Meridian Court Apartments Partnership Agreement.

64.    Admitted.

65.    The first sentence of Paragraph 65 contains legal conclusions and arguments to which no response is required.  The PNCC-affiliated General Partners admit the allegations in the second sentence of Paragraph 65.

66.    Admitted.

67.    Admitted.

68.    The PNCC-affiliated General Partners admit that, on or before December 30, 2014, SHAG gave timely written notice of the exercise of its Special ROFR under Section 7.4L to the Partnership, and the Partnership provided AH 260 and Protech W a copy thereof; the PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 68.

ANSWER OF THIRD-PARTY
DEFENDANTS - 11
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

69.     The PNCC-affiliated General Partners lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 69, and therefore deny the same.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

**Auburn Court**

78.     Admitted.

79.     Admitted.

80.     Paragraph 80 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 80 to the extent they are inconsistent with the Auburn North Associates partnership agreement.

81.     Admitted.

82.     Admitted.

83.     The PNCC-affiliated General Partners deny that Fox Housing Enterprise was or is the developer of the Auburn Court Project, admit that Fox provided development management services on behalf of SHAG in its capacity as the developer of record, and admit that Fox signed the Global Indemnity Agreement as an affiliate for PNCC, and admit that SHAG is the Managing General Partner of Auburn North Associates LP.   SHAG is also the Developer of record of the Auburn Court Project.

ANSWER OF THIRD-PARTY
DEFENDANTS - 12
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

84.     Paragraph 84 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 84 to the extent they are inconsistent with the Auburn North Apartments partnership agreement.

85.     Paragraph 85 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 85 to the extent they are inconsistent with the Auburn North Apartments partnership agreement.

86.     Paragraph 86 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 86 to the extent they are inconsistent with the Auburn North Apartments partnership agreement.

87.     The PNCC-affiliated General Partners deny the allegations in Paragraph 87 to the extent they are inconsistent with Section 7.4.L.

88.     The first sentence of Paragraph 88 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in the second sentence of Paragraph 88 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

89.     Paragraph 89 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 89 to the extent they are inconsistent with the Global Indemnity Agreement.

90.     The PNCC-affiliated General Partners admit the compliance period expired on December 31, 2013, and deny the remaining allegations to the extent they are inconsistent with the project documents.

91.     The PNCC-affiliated General Partners admit that, on about December 30, 2015, SHAG gave timely written notice of the exercise of its Special ROFR to the Partnership and the Investor and Special Limited Partners; the PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 91.

92.     The PNCC-affiliated General Partners lack sufficient information to admit or deny the allegations that, as of December 30, 2015, AH 259 had not attempted to exercise its

ANSWER OF THIRD-PARTY
DEFENDANTS - 13
CASE NO. 2:17-CV-01115 RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

rights under Section 7.4.K, and that neither AH 259 nor Protech W had "given any other indication of a desire to sell the Auburn Court Apartments Project," and therefore deny same. The PNCC-affiliated General Partners otherwise deny the remaining allegations in Paragraph 92.

93.     The PNCC-affiliated General Partners admit that SHAG provided notice to AH 259 and Protech W in letters dated December 29, 2015 and December 30, 2015, of bona fide third-party offers to purchase the Auburn Court Apartments Project.   The PNCC-affiliated General Partners admit that SHAG rejected the offer from SSRE Development, Inc., but offered to reconsider subject to certain terms.   The PNCC-affiliated General Partners admit that SHAG accepted the offer from Redwood, subject to counter-offer terms.   The PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 93.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

**Boardwalk**

100.     Admitted.

101.     Admitted.

102.     Paragraph 102 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 102 to the extent they are inconsistent with the Capital Way Associates partnership agreement.

103.     Admitted.

104.     Admitted.

105.     Admitted.

ANSWER OF THIRD-PARTY
DEFENDANTS - 14
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

106.    Paragraph 106 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 106 to the extent they are inconsistent with the Capital Way Associates partnership agreement.

107.    Paragraph 107 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 107 to the extent they are inconsistent with the Capital Way Associates partnership agreement.

108.    Paragraph 108 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 108 to the extent they are inconsistent with the Capital Way Associates partnership agreement.

109.    The PNCC-affiliated General Partners  deny the allegations in Paragraph 109 to the extent they are inconsistent with Section 7.4.L.

110.    The first sentence of Paragraph 110 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in the second sentence of Paragraph 110 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

111.    Paragraph 111 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 111 to the extent they are inconsistent with the Global Indemnity Agreement.

112.    The PNCC-affiliated General Partners admit the compliance period expired on December 31, 2014, and deny the remaining allegations to the extent they are inconsistent with the project documents.

113.    The PNCC-affiliated General Partners admit that, on about November 18, 2016, SHAG gave timely written notice of the exercise of its Special ROFR to the Partnership, the General Partner, and the Limited Partners; the PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 113.

ANSWER OF THIRD-PARTY
DEFENDANTS - 15
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

114.    The PNCC-affiliated General Partners are without sufficient knowledge to admit or deny that, as of November 18, 2016, AH 261 had not attempted to exercise its rights under Section 7.4.K, or that neither AH 261 nor Protech W had "given any other indication of a desire to sell the Boardwalk Apartments Project," and therefore deny same.   The PNCC-affiliated General Partners otherwise deny the remaining allegations in Paragraph 114.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

**WoodRose**

121.    Admitted.

122.    Admitted.

123.    Paragraph 123 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 123 to the extent they are inconsistent with the Woodrose partnership agreement.

124.    Admitted.

125.    Admitted.

126.    Admitted.

127.    Paragraph 127 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 127 to the extent they are inconsistent with the Woodrose partnership agreement.

128.    Paragraph 128 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 128 to the extent they are inconsistent with the Woodrose partnership agreement.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

129.    Paragraph 129 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 129 to the extent they are inconsistent with the Woodrose partnership agreement.

130.    The PNCC-affiliated General Partners deny the allegations in Paragraph 130 to the extent they are inconsistent with Section 7.4.L.

131.    The first sentence of Paragraph 131 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in the second sentence of Paragraph 131 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

132.    Paragraph 132 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 132 to the extent they are inconsistent with the Global Indemnity Agreement.

133.    The PNCC-affiliated General Partners admit the compliance period expired on December 31, 2015, and deny the remaining allegations to the extent they are inconsistent with the project documents.

134.    The PNCC-affiliated General Partners admit that, on about November 18, 2016, SHAG gave timely written notice of the exercise of its Special ROFR to the Partnership, the General Partner, and the Limited Partners; the PNCC-affiliated General Partners otherwise deny the allegations in Paragraph 134.

135.    The PNCC-affiliated General Partners lack sufficient information to admit or deny the allegations that, as of November 18, 2016, AH 258 had not attempted to exercise its rights under Section 7.4.K, and that neither AH 258 nor Protech W had "given any other indication of a desire to sell the Woodrose Apartments Project," and therefore deny the same The PNCC-affiliated General Partners otherwise deny the remaining allegations in Paragraph 135.

136.    Denied.

ANSWER OF THIRD-PARTY
DEFENDANTS - 17
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

**Lakewood Meadows**

142.   Admitted.

143.   Admitted.

144.   Paragraph 144 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 144 to the extent they are inconsistent with the Lakewood Meadows partnership agreement.

145.   Admitted.

146.   Admitted.

147.   Admitted.

148.   Paragraph 148 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 148 to the extent they are inconsistent with the Lakewood Meadows partnership agreement.

149.   Paragraph 149 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 149 to the extent they are inconsistent with the Lakewood Meadows partnership agreement.

150.   Paragraph 150 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 150 to the extent they are inconsistent with the Lakewood Meadows partnership agreement.

151.   The PNCC-affiliated General Partners deny the allegations in Paragraph 151 to the extent they are inconsistent with Section 7.4.L.

ANSWER OF THIRD-PARTY
DEFENDANTS - 18
CASE NO. 2:17-CV-01115 RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

152.    The first sentence of Paragraph 152 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in the second sentence of Paragraph 152 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

153.    Paragraph 153 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 153 to the extent they are inconsistent with The Global Indemnity Agreement.

154.    The PNCC-affiliated General Partners admit the compliance period expired on December 31, 2016, and deny the remaining allegations to the extent they are inconsistent with the project documents.

155.    The PNCC-affiliated General Partners are without sufficient knowledge to admit or deny the first sentence of Paragraph 155, and therefore deny same.  The PNCC-affiliated General Partners admit that SHAG initiated this litigation, and that the relief that SHAG seeks is described in its Complaint.    The PNCC-affiliated General Partners deny the remaining allegations in the second sentence of Paragraph 155 to the extent they are inconsistent with SHAG's Complaint and the project documents, and deny all other allegations in Paragraph 155.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

**Alderwood Court**

161.    Admitted.

162.    Admitted.

ANSWER OF THIRD-PARTY
DEFENDANTS - 19
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

163.   Paragraph 163 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 163 to the extent they are inconsistent with the Alderwood Court partnership agreement.

164.   Admitted.

165.   Admitted.

166.   Admitted.

167.   Paragraph 167 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 167 to the extent they are inconsistent with the Alderwood Court partnership agreement.

168.   Paragraph 168 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 168 to the extent they are inconsistent with the Alderwood Court partnership agreement.

169.   Paragraph 169 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 169 to the extent they are inconsistent with the Alderwood Court partnership agreement.

170.   The PNCC-affiliated General Partners deny the allegations in Paragraph 170 to the extent they are inconsistent with Section 7.4.L.

171.   The first sentence of Paragraph 171 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in the second sentence of Paragraph 171 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

172.   Paragraph 172 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 172 to the extent they are inconsistent with the Global Indemnity Agreement.

173.   The PNCC-affiliated General Partners admit the compliance period has not yet expired, and deny the remaining allegations in the first sentence of Paragraph 173 to the extent

ANSWER OF THIRD-PARTY
DEFENDANTS - 20
CASE NO. 2:17-CV-01115 RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

they are inconsistent with the project documents.   The PNCC-affiliated General Partners deny the remaining allegations in Paragraph 173.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

**Woodlands**

179.   Admitted.

180.   Admitted.

181.   Paragraph 181 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 181 to the extent they are inconsistent with the Woodlands partnership agreement.

182.   Admitted.

183.   Admitted.

184.   Admitted.

185.   Paragraph 185 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 185 to the extent they are inconsistent with the Woodlands partnership agreement.

186.   Paragraph 186 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 186 to the extent they are inconsistent with the Woodlands partnership agreement.

187.   Paragraph 187 contains legal conclusions and argument to which no response is required.   The PNCC-affiliated General Partners deny the allegations in Paragraph 187 to the extent they are inconsistent with the Woodlands partnership agreement.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

188.    The PNCC-affiliated General Partners deny the allegations in Paragraph 188 to the extent they are inconsistent with Section 7.4.L.

189.    The first sentence of Paragraph 189 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in the second sentence of Paragraph 189 to the extent they are inconsistent with 26 U.S.C. § 42(i)(7)(A).

190.    Paragraph 190 contains legal conclusions and argument to which no response is required.  The PNCC-affiliated General Partners deny the allegations in Paragraph 190 to the extent they are inconsistent with the Global Indemnity Agreement.

191.    The PNCC-affiliated General Partners admit the compliance period has not yet expired, and deny the remaining allegations in the first sentence of Paragraph 191 to the extent they are inconsistent with the project documents.  The PNCC-affiliated General Partners deny the remaining allegations in Paragraph 191.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

## V.    CAUSE OF ACTION

### FIRST CAUSE OF ACTION

#### Declaratory Judgment (Rights of First Refusal)

#### (By AMTAX/Protech against SHAG)

197.    The PNCC-affiliated General Partners repeat and incorporate by reference each and every response set forth above.

198.    Admitted.

199.    Denied.

ANSWER OF THIRD-PARTY
DEFENDANTS - 22
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## SECOND CAUSE OF ACTION

### Declaratory Judgment (Removal – Meridian Court)

### (AH 260 Against Steel Lake)

200.    The PNCC-affiliated General Partners repeat and incorporate by reference each and every response set forth above.

201.    Admitted.

202.    Admitted.

203.    Admitted.

204.    Denied.

## THIRD CAUSE OF ACTION

### Declaratory Judgment (Removal – Auburn Court)

### (AH 259 Against SHAG)

205.    The PNCC-affiliated General Partners repeat and incorporate by reference each and every response set forth above.

206.    Admitted.

207.    Admitted.

208.    Admitted.

209.    Denied.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment (Removal – Boardwalk)

### (AH 261 Against SHAC)

210.    The PNCC-affiliated General Partners repeat and incorporate by reference each and every response set forth above.

211.    Admitted.

212.    Admitted.

213.    Admitted.

214.    Denied.

ANSWER OF THIRD-PARTY
DEFENDANTS - 23
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

## FIFTH CAUSE OF ACTION

2

### Declaratory Judgment (Removal – WoodRose)

3

### (AH 258 Against SHAC)

4      215.    The PNCC-affiliated General Partners repeat and incorporate by reference each

5    and every response set forth above.

6      216.    Admitted.

7      217.    Admitted.

8      218.    Admitted.

9      219.    Denied.

## SIXTH CAUSE OF ACTION

10

### Declaratory Judgment (Removal – Lakewood Meadows)

11

### (AH 257 Against Lakewood Meadows)

12

13      220.    The PNCC-affiliated General Partners repeat and incorporate by reference each

   and every response set forth above.

14

15      221.    Admitted.

16      222.    Admitted.

      223.    Admitted.

17

18      224.    Denied.

## SEVENTH CAUSE OF ACTION

19

### Declaratory Judgment (Removal – Alderwood Court)

20

### (AH 164 Against Lynnwood)

21      225.    The PNCC-affiliated General Partners repeat and incorporate by reference each

22    and every response set forth above.

23      226.    Admitted.

24      227.    Admitted.

25      228.    Admitted.

26      229.    Denied.

27

ANSWER OF THIRD-PARTY
DEFENDANTS - 24
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**EIGHTH CAUSE OF ACTION**

**Declaratory Judgment (Removal – Woodlands)**

**(AH 164 Against Woodlands)**

230.    The PNCC-affiliated General Partners repeat and incorporate by reference each and every response set forth above.

231.    Admitted.

232.    Admitted.

233.    Admitted.

234.    Denied.

235.    No response is required to the remainder of the Counter-Plaintiffs' and Third Party Plaintiffs' counterclaims and third party claims, which set forth the Counter-Plaintiffs' and Third Party Plaintiffs' prayer for relief.  To the extent a response is required to the remainder of the counterclaims and third party claims, or to any allegation for which a response has inadvertently not been made, the PNCC-affiliated General Partners deny all such allegations.

**AFFIRMATIVE DEFENSES**

By way of further answer and affirmative defenses, the PNCC-affiliated General Partners allege as follows:

1.    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs have failed to state a claim upon which relief can be granted.

2.    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' claims are barred by the doctrines of waiver and acquiescence.

3.    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' claims are barred by the doctrine of estoppel.

4.    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' claims are barred by the doctrine of unclean hands.

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

5.     Defendants'/Counter-Plaintiffs'/Third-Party Plaintiffs' claims are barred by contract.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' counterclaims and third-party claims, the PNCC-affiliated General Partners pray for relief as follows:

1.     That the Court deny Defendants/Counter-Plaintiffs/Third-Party Plaintiffs' request for declaratory judgment in its entirety;

2.     That the Court dismiss all claims against them with prejudice;

3.     That the Court enter declaratory judgment in SHAG's favor as requested in SHAG's Complaint;

4.     That the Court grant such other and further relief as the Court may deem just and proper.

DATED this 11th day of December, 2017.

 /s/ Dennis H. Walters
Dennis H. Walters, WSBA #9444
Karr Tuttle Campbell
701 5th Ave., Suite 3300
Seattle, WA  98104
Telephone:  (206) 223-1313
Fax:  (206) 682-7100
E-mail:  dwalters@karrtuttle.com
Attorney for Third-Party Defendants
Steel Lake Enterprises, LLC, Lakewood
Meadows Enterprises, LLC, Lynnwood
Retirement Living, LLC, and Woodlands
Associates, LLC

ANSWER OF THIRD-PARTY
DEFENDANTS - 26
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## CERTIFICATE OF SERVICE

I, Julie Nesbitt, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington.  I am over the age of 18 and not a party to the within action. My business address is:  701 Fifth Ave., Suite 3300, Seattle, WA 98101.  On this day, I caused the foregoing ANSWER OF THIRD-PARTY DEFENDANTS STEEL LAKE, LAKEWOOD MEADOWS, LYNNWOOD RETIREMENT AND WOODLANDS to be served on the parties listed below in the manner indicated.

| David J. Burman<br>Steven D. Merriman<br>Perkins Coie<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>dburman@perkinscoie.com<br>smerriman@perkinscoie.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☐ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| --- | --- |

Attorneys for Defendants/Counter-Plaintiffs

| Christopher G. Caldwell<br>Noah Perez-Silverman<br>Eric Pettit<br>Boies Schiller & Flexner<br>725 South Figueroa Street<br>31st Floor<br>Los Angeles, CA 90017<br>ccaldwell@bsfllp.com<br>nperez-silverman@bsfllp.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☐ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| --- | --- |

Attorneys for Defendants/Counter-Plaintiffs

| Mike Scott<br>Jessica Kerr<br>Michael Ewart<br>Hillis Clark Martin & Peterson<br>999 Third Avenue, Suite 4600<br>Seattle, WA 98104<br>michael.scott@hcmp.com<br>Jessica.kerr@hcmp.com<br>Jake.ewart@hcmp.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☐ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| --- | --- |

Attorneys for Plaintiffs/Counter-Defendants

ANSWER OF THIRD-PARTY
DEFENDANTS - 27
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1       I declare under penalty of perjury under the laws of the State of Washington that the

2   foregoing is true and correct, to the best of my knowledge.   Executed on this 11th day of

3   December, 2017, at Seattle, Washington.

5                   *s/ Julie Nesbitt*

6                      Julie Nesbitt
                  Assistant to Dennis H. Walters

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ANSWER OF THIRD-PARTY
DEFENDANTS - 28
CASE NO. 2:17-CV-01115  RSM
#1133196 v1 / 72811-001
#1145134 v1 / 72811-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100