UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SENIOR HOUSING ASSISTANCE GROUP, Plaintiff/Counter-Defendant, | Case No. C17-1115RSM |
| v. | ORDER RE: MOTIONS IN LIMINE |
| AMTAX HOLDINGS 260, LLC, et al. Defendants/Counter-Plaintiffs. | |
| AMTAX HOLDINGS 260, LLC, et al., Third-Party Plaintiffs, | |
| v. | |
| SENIOR HOUSING ASSISTANCE CORPORATION, et al. Third-Party Defendants. | |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff Senior Housing Assistance Group ("SHAG")'s Motions in Limine, Dkt #131, and Defendants AMTAX Entities ("AMTAX")'s Motions in Limine, Dkt #133. These Motions are GRANTED and DENIED as set forth below.

## II.     PLAINTIFF'S MOTION IN LIMINE

1.  Plaintiff SHAG and Third-Party Defendant Senior Housing Assistance Corporation ("SHAC") seek to exclude cumulative testimony from Defendants' proffered expert

witnesses David Von Tilius and Jon Krabbenschmidt. Both are CPAs and, according to Defendants' Expert Witness Disclosure, "Mr. Krabbenschmidt and Mr. Von Tilius will generally testify concerning the Section 42(i)(7) Right of First Refusal, the Global Indemnity Agreement, and related issues." Dkt. #132 at 10. SHAG and SHAC argue that the expert reports for these witnesses overlap significantly. They do not ask the Court to exclude one or the other expert, but to prohibit in advance duplicative testimony. AMTAX responds that its experts will not provide duplicative testimony and that this motion is premature. Under LCR 43(j) "a party shall not be permitted to call more than one expert witness on any subject." The record indicates a likelihood that AMTAX is intending to call two experts whose testimony may overlap. Accordingly, the Court finds that this motion is not premature and instructs the parties that once Mr. Krabbenschmidt or Mr. Von Tilius has testified on any subject, that subject may not be covered again by the subsequent expert. This Motion is GRANTED.

## III.    DEFENDANTS' MOTIONS IN LIMINE

1. Defendants AMTAX first move to exclude testimony from SHAG's designated expert Joel Rubenzahl as to his opinion that "at the time they entered into the Partnership Agreements at issue, the Limited Partners did not project the distribution of residual liquidation proceeds, and thus did not expect more from their investment than the amount they would be entitled to if SHAG validly exercised its ROFR."[1] Defendants cite to FRE 401, 402, and 702. The Court finds that Mr. Rubenzahl is qualified to testify as to this subject under Rule 702. Defendants' arguments as to his qualifications

---

[1] This term arises in the Partnership Agreements at issue in this case and is explained in the Court's Prior Order on Summary Judgment. *See* Dkt. #142.

go to the weight of his testimony, not its admissibility. As this is a bench trial, the Court further finds that it can determine the relevance and admissibility of such testimony at trial. This Motion is DENIED.

2. Defendants next move to exclude argument and evidence relating to SHAG's December 2018 attempt to exercise its ROFR to purchase Lakewood Meadows. SHAG does not oppose this Motion. This Motion is GRANTED.

3. Finally, Defendants move to exclude the testimony of Robert Rozen. Mr. Rozen purportedly has factual knowledge of the drafting and legislative history of Section 42 of the Internal Revenue Code. Defendants argue that his testimony cannot be relevant because it can carry no weight as to Congressional intent for the tax code provision at issue. Dkt. #133 at 10 (citing, *inter alia*, *Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1082 (9th Cir. 1999); *Matsuo v. United States*, 532 F. Supp. 2d 1238, 1246–47 (D. Haw. 2008), aff'd, 586 F.3d 1180 (9th Cir. 2009)). Defendants also argue that his testimony should be excluded as improper expert opinion from a witness who was not disclosed as an expert. Plaintiff SHAG states it "has argued in its summary judgment papers [that] none of this legislative history is necessary to decide this contract dispute." Dkt. #138 at 8. Indeed, the Court has found that AMTAX's Congressional intent arguments are "moot given that the Court has found that the Section 7.4L provides SHAG a right of first refusal and not an option." Dkt. #142 at 14. The Court finds Mr. Rozen's proposed testimony is irrelevant and this Motion is therefore GRANTED. The Court notes that any testimony or evidence about Congressional intent from either party is likely irrelevant given the Court's rulings on summary judgment.

## IV.  LLC GENERAL PARTNERS' MOTIONS IN LIMINE

Third-Party Defendants referred to by this Court as the LLC General Partners also filed Motions in Limine.  Dkt. #129.  However, all claims against these Defendants have been dismissed, and it is the Court's understanding that these parties will not appear at trial. Accordingly, these Motions will be stricken as moot.  The Court notes that the evidence the LLC General Partners wished to exclude from trial is likely irrelevant given the Court's ruling on summary judgment.

## V.  CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine (Dkts. #131 and #133) are GRANTED AND DENIED as stated above.  The Motions in Limine filed by the LLC General Partners, Dkt. #129, are STRICKEN as MOOT.


DATED this 20 day of February, 2019.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE