# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SENIOR HOUSING ASSISTANCE GROUP, Plaintiff/Counter-Defendant, <br><br> v. <br><br> AMTAX HOLDINGS 260, LLC, et al. Defendants/Counter-Plaintiffs. | Case No. C17-1115 RSM <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |
| AMTAX HOLDINGS 260, LLC, et al., Third-Party Plaintiffs, <br><br> v. <br><br> SENIOR HOUSING ASSISTANCE CORPORATION, et al. Third-Party Defendants. | |

This matter comes before the Court on Defendants AMTAX Entities ("AMTAX")'s Motions for Reconsideration. Dkt #147. The Court has determined that response briefing is unnecessary. *See* LCR 7(h)(3).

AMTAX specifically moves for the Court to modify two sentences of its recent Order on Summary Judgment as follows:

> The Court notes that AMTAX also argues it has not consented to any of these third party offers. The Court finds that nowhere in the Partnership Agreements is such consent explicitly required, ~~and the definition of a right of first refusal only requires a third party offer~~

ORDER RE: MOTIONS IN LIMINE - 1

<div style="margin-left:2em">

~~to be made, not that the third party offer is acceptable to the seller. Even if such were required under the common law,~~ Section 4.5A(iii) specifically states that AMTAX's consent is not required for SHAG to exercise its Special ROFR, and such consent would impermissibly render this provision meaningless. *See Ibrahim*, *supra*.

</div>

Dkt. #147 at 2 (citing Dkt. #142 at 14). AMTAX argues that these stricken through sentences directly contradict prior case law cited in the Order: "[a]s the Washington authority quoted earlier in the Order holds, a right of first refusal 'requires the landowner to first get an offer to purchase from a third party, *that the seller is willing to accept*.'" *Id*. (citing Dkt. #142 at 11) (emphasis in original).

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Court finds that AMTAX has failed to demonstrate manifest error, but that some clarification is warranted. The Court intended to convey that the *definition* for "right of first refusal" found in Black's Law Dictionary and cited in the Order does not *in itself* indicate that a third party offer must be acceptable to the seller.[1] The definition of the phrase and the legal requirements under case law are two different things. The Court goes on to write in the next sentence that acceptability could be required in this case under common law, as indeed AMTAX argues and is otherwise stated in the Order, but that it is not required in this case because "Section 4.5A(iii) specifically states that AMTAX's consent is not required for SHAG to exercise its Special ROFR." Dkt .#142 at 14. The Court regrets any confusion, however,

---

[1] A "right of first refusal" is defined in Black's Law Dictionary as "[a] potential buyer's contractual right to meet the terms of a third party's higher offer." *Right of First Refusal*, <u>Black's Law Dictionary</u> (10th Ed. 2014).

ORDER RE: MOTIONS IN LIMINE - 2

none of the above materially affects the Court's decision and the Court finds no basis to strike these lines from its prior Order.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration (Dkt. #147) is DENIED.

DATED this 21st day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE